## HENRY HOVEY HYDE *versus* AARON BALDWIN.

A testator devised to trustees certain land in the occupation of his nephew, stating that he held the estate by virtue of an assignment of a mortgage made by the nephew, and he directed that the trustees should not sell it during the life of the nephew, but should permit him to occupy it during his life, and after his death should convey it to his children, provided however that he should occupy only upon the condition of paying a certain rent ; the testator also bequeathed to the nephew certain personal property, and discharged him from all claims and demands due to the testator, but this discharge and the foregoing devises were upon the further condition that he should discharge the testator's estate from all claims and demands whatsoever in his favor. The testator paid for the assignment of the mortgage the full value of the land, and had since from time to time advanced money to his nephew. No claim had been made by the testator on the nephew's notes secured by the mortgage, and they were not found among his papers, and for seven years next before his death the land had been treated by him as his absolute property, and during the same period and for some time after, had been so treated by the nephew. The nephew received under the will the personal property bequeathed to him, and gave the executor a release from all claims and demands in his favor against the estate of the testator. On a bill in equity brought by the nephew to redeem, it was *held*, that whether his right to redeem had or had not been extinguished by a foreclosure or release in the lifetime of the testator, yet that the testator intended to remove all doubt by requiring a release of all claims against his estate, and that the nephew's release in general terms, referring to the will, must be construed to embrace this right to redeem ; and further, that the nephew, by having accepted a beneficial interest under the will, had barred himself from setting up a claim which would defeat the full operation of the will.

THIS was a bill in equity to redeem a mortgage, dated December 8, 1818, made by the plaintiff and Aaron Hyde junior to Nathaniel S. Bennett, conditioned for the payment of 1400 dollars, with interest, for which the mortgagers had given seven promissory notes.

The defendant was the sole acting executor and trustee under the will of Henry Hovey, three other persons named as executors and trustees having declined the trusts. The plaintiff was the testator's nephew. The testator died June 21, 1829. He devised all his estate in trust, and the will contains the following clause : —

" Further, my will is, that my real estate, including house, tannery, &c., in Framingham, now in the occupation of Henry Hovey Hyde, described in a deed from Francis Dana to Aaron Hyde and Henry Hovey Hyde, and which I hold in virtue of a deed from A. Cunningham junior and E. Baylies, also in virtue of the assignment of two mortgages, one made to me by Aaron Baldwin and the other by Nathaniel S. Bennett, shall not be sold by my said trustees during the life of the said Henry Hovey Hyde ; but my will is, that my said trustees shall permit and allow said Henry H. Hyde to occupy and enjoy said real estate, tannery, &c., at Framingham, during his natural life ; and at his decease my will is, that my said trustees shall convey said real estate to the children of said Henry H. Hyde, then living, in equal proportions, or shall sell and dispose of said real estate, tannery, &c., at Framingham, and divide the proceeds thereof among said children then living, as the said trustees in their discretion shall think best. Provided, however, that the said Henry H. Hyde is to be permitted to hold and enjoy said real estate as aforesaid, only upon condition that he shall pay my said trustees the sum of one hundred and twenty dollars per annum therefor ; and upon failure to pay said sum as aforesaid, he shall cease to occupy and enjoy the same. Further, my will is, that all the personal property belonging to me in the use and possession of the said Henry H. Hyde at said Framingham, shall go and be given to said Henry H. Hyde. Further, my will is, that said Henry H. Hyde be discharged from all claims and demands on my account, and I do hereby discharge him from all claims of every description ; this said discharge and the above grants however being upon the further condition, that said Henry H. Hyde shall and do discharge me and my estate from all claims and demands whatever in his favor."

It appeared that in 1822, for the mortgage assigned by Baldwin, which was made to Baldwin by Aaron Hyde junior, the testator gave 475 dollars, and for the right in equity to redeem the same mortgage, he paid Cunningham and Baylies 130 dollars. The assignment by Bennett was made in the same year. On September 27, 1830, the plaintiff gave the defendant as executor, a release of all claims and demands

against the estate of the testator. The defendant set forth in his answer, that he believed the testator had an absolute estate in the land in question, but that for greater caution the defendant made an entry to foreclose on December 22, 1831. The bill to redeem was brought on December 20, 1834. The other material facts are stated in the opinion of the Court.

*Josiah Adams* and *Keith*, for the plaintiff.

*Aylwin*, for the defendant, cited to the point, that one cannot claim *under* and *in opposition* to the same instrument, *Noys* v. *Mordaunt*, 2 Vern. 581 ; *Streatfield* v. *Streatfield*, Cas. Temp. Talb. 176 ; *Thellusson* v. *Woodford*, 13 Ves. 209 ; *Rendlesham* v. *Woodford*, 1 Dow, 249 ; *Tibbetts* v. *Tibbetts*, 19 Ves. 655 ; *Giddings* v. *Giddings*, 3 Russell, 241 ; *Churchman* v. *Ireland*, 1 Russ. & Mylne, 250 ; *Dundas* v. *Dundas*, 2 Dow & Clarke, 349 ; *Dillon* v. *Parker*, 1 Swanst. 360 ; *S. C.* 7 Bligh, 325.

SHAW C. J. delivered the opinion of the Court. This is a bill in equity, brought by the complainant to redeem a mortgage, against the defendant, who stands in the double capacity of executor and trustee under the will of Henry Hovey deceased. Most of the facts upon which the case proceeds, depend upon the bill and answer, and the several deeds and will mentioned therein, and these are but slightly affected by the few other facts, of which evidence has been given. From these it appears, that the premises claimed, consist of a small tract of land in Framingham, with a house and tannery thereon ; that on the 8th of December, 1818, the complainant, Henry H. Hyde, with his brother Aaron Hyde, were seised in fee of the estate and then mortgaged it to one Bennett, for the sum of $1400 ; that the deed, however, was not recorded till January, 1820, and in the mean time the undivided moiety of Aaron Hyde, the other mortgager, was mortgaged to Aaron Baldwin, whose deed, being immediately put on record, without notice of the prior conveyance, took precedence of the mortgage to Bennett ; that the equity of redemption of Aaron Hyde upon this last mortgage, was attached and sold on execution by his creditors, and was never redeemed. Both the mortgage to Baldwin, and the equity of redemption thus sold, were afterwards assigned to Hovey the testator, and he there-

26 *

Hyde
*v.*
Baldwin.

*Jan. 22d,*
1836.

*April term*
1836.

by acquired an indefeasible estate in one moiety of tne premi ses. It further appears, that on the 8th of October, 1822, Bennett assigned his mortgage to Hovey, for the nominal sum of fourteen hundred dollars, but there is evidence, which we think shows satisfactorily, that by reason of the intermediate incumbrance on the half of this estate derived from Aaron Hyde, in consequence of not seasonably registering his deed, Bennett consented to receive considerably less than the amount apparently due on the face of the mortgage, say one thousand and fifty dollars ; and that Henry Hovey Hyde, the complainant, paid a part of that sum, but that Henry Hovey, the testator, paid the full value of the moiety of the premises. The evidence further shows, that Hovey, the testator, was the uncle of Hyde, the complainant, that after thus acquiring a title to the house and tannery, which were occupied by the complainant, his nephew, he advanced money to him from time to time, to stock the tannery, to repair the buildings, and to enable the complainant to carry on the business, and that the stock and property in the tannery were the property of the testator, at the time of making his will and of his decease.

Without recapitulating the evidence minutely, it appears to us, that from 1822 to 1829, the period of the testator's death, the plaintiff was in the possession of the estate, either as the tenant of Hovey, or as agent carrying on the tannery on his account, and that in either event his possession was to a certain extent the possession of Hovey. As no claim was ever made for the notes, as they do not appear among the testator's papers, as the testator and the complainant both treated and considered the estate as the property of the testator, both during his lifetime, and for some time after his decease, it would lead to a strong presumption, either that Hovey had entered for condition brok- en, and held the estate long enough to foreclose the mortgage by force of the statute, that is, three years, or that the plain- tiff had released his equity of redemption, in satisfaction and discharge of the notes secured by the mortgage. But it is not necessary to rely upon this presumption merely, to foreclose the mortgage and bar the plaintiff's present claim. It is per- fectly manifest, by reference to the will, that Hovey regarded this estate, not a moiety only but the whole estate, as his own

He so describes it, refers to the several conveyances by which he acquired title to it, directs that upon certain terms the complainant shall be allowed to occupy it, and ultimately disposes of it to the complainant's children. He then gives the stock and personal property in the tannery, to the complainant, and directs that the complainant shall be released from all claims and demands, which he may have against him ; out this discharge and the aforenamed gifts were upon the express condition, that Henry H. Hyde should discharge him, and his estate, from all claims and demands whatever in his favor.

It appears to us not easy to misunderstand the intent of the testator in these clauses of his will. It appears, that whether he had effectually given up and cancelled the complainant's notes or not, whether they were paid or not, he intended to release them and quit the plaintiff upon that score. But it is equally manifest, that he considered the whole estate as his own, and that whether he had done enough to foreclose the mortgage and make his title absolute and indefeasible or not, he intended that that matter should be put at rest, by a release from the only party who could call it in question.

There can be no doubt, that a mortgagee has such an estate, in the mortgaged premises, that a simple release of the right to redeem, will operate so as to make an absolute and indefeasible estate. What then was the nature, effect and operation of the release which Hovey intended and expected that the plaintiff was to give ? To ascertain the intent of a party, as expressed in a written instrument, we are to take the whole instrument together. It must have been the intent of the testator, in this will, that this real estate should go according to his directions. To have this effect, he must understand that he had an absolute estate, or that the release to be given should make it absolute. In order that a release of all demands should operate as a release of a particular demand or interest, it is not necessary that that particular demand should have been in the mind of the parties at the time of its execution. It shal' be held to embrace all demands embraced by its terms, whether particularly contemplated or not. Such being the release that the testator required and expected the complainant

to give, when the complainant accepts the provisions of the will, and makes a release in general terms of all demands, referring to the will and professing to make a release conformably to the conditions expressed in the will, the inference is conclusive, that he intended to make such a release as the will plainly contemplated and required. This gives a particular effect to the general words of the will ; as the will required a release of the right of redemption if any existed, the release must be construed to have the like effect. This conclusion is not at all affected by the suggestion, that the complainant was misled by the answer of the defendant, that the notes might be still in existence among the testator's papers and that he did not know whether they were in existence or not. If the notes were given up by the testator in his lifetime, it strengthens the presumption that the right of redemption was foreclosed in the lifetime of the testator, for there is no sug gestion that the notes were paid, except by giving an absolute title to the mortgaged premises ; and if the notes remained in the testator's possession, and were among his other papers in the hands of the defendant, they were effectually cancelled and released by the will. It is not therefore easy to perceive how the existence or non-existence of them could have had any influence upon the plaintiff's mind, in inducing him to execute this release or not.

2. But upon the other ground, the Court are all of opinion that the plaintiff cannot maintain this bill to redeem. It is now a well settled rule in equity, that if any person shall take any beneficial interest under a will, he shall be held thereby to confirm and ratify every other part of the will, or in other words, a man shall not take any beneficial interest under a will, and at the same time set up any right or claim of his own, even if otherwise legal and well founded, which shall defeat, or in any way prevent the full effect and operation of every part of the will. *Thellusson* v. *Woodford*, 13 Ves. 209 ; *Churchman* v. *Ireland*, 1 Russ. & Mylne, 250 ; *Tibbetts* v. *Tibbetts*, 19 Ves. 655 ; 1 Chitty's Practice, 357 ; *Brown* v *Ricketts*, 3 Johns. Ch. R. 553.

In this case, for reasons already stated, we think it very clear that the testator regarded the estate now sought to be

<div style="float:right">Hyde<br>*v.*<br>Baldwin.</div>

edeemed, as his own absolute and indefeasible estate, he disposed of it as such, and it is necessary to accomplish the purposes of his will that it should be so held by the trustee. The effect of the claim of the plaintiff would be to frustrate and defeat that intent. It is conceded that the plaintiff took a bequest under the will of considerable value. By accepting and retaining the bequest made him in the will, he has manifested his election to hold under the will. If, therefore, the testator had not in terms required as a condition of that bequest, that the complainant should release all claims, or if this right of redeeming were not embraced and included in such release, still under the broader principle of equity stated, the plaintiff would be precluded from setting up a legal or equitable claim of his own, the assertion of which would defeat a provision of that will, under which he claimed and has received, and now holds and intends to hold, a beneficial bequest.

*Judgment for the defendant.*