JOHN WOOD TODD

*v.*

EDWARD C. MITCHELL.

*Opinion filed November 1, 1897.*

1. RELEASE—*general words are qualified by preceding particular recitals.* General words of release will be restrained and qualified in their effect by a preceding particular recital in the instrument explaining its object and purpose.

2. SAME—*release of "all claims and demands" is held not to extend to breach of covenant.* A release reciting that "whereas there is a difference between the parties respecting certain profits in some real estate transactions, * * * and whereas, said parties have compromised said difference, now, therefore," etc., followed by a mutual release of all claims whatsoever, will not extend to a breach of a covenant of warranty of which one party was then ignorant.

*Todd* v. *Mitchell,* 67 Ill. App. 84, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. C. G. NEELEY, Judge, presiding.

The statement of this case as made by the Appellate Court is adopted here:

"This action was brought by appellant, as plaintiff, against appellee, as defendant, to recover damages for a breach of covenants against incumbrances contained in a warranty deed of certain real estate in Highland Park, Cook county, made by appellee to appellant in the year 1877. To the declaration the defendant pleaded *non est*

*factum,* and also special pleas of release, under seal, of the cause of action mentioned in the declaration, by the plaintiff to the defendant, executed June 10, for a valuable consideration. General replications to the special pleas were filed, and upon issues joined the cause was submitted to the court without a jury.

"After the evidence had been heard, but before judgment, the appellant was given leave to file additional replications, setting up that the pleaded release was obtained by fraud, and averring that the fraud consisted in a concealment by appellee, in collusion with others, from appellant, of the existence of the cause of action declared upon, of which they then knew but he did not, by means of which concealment the appellant, by the appellee and those in collusion with him, was led to believe, and did believe, that the release related only to matters and things involved in a certain chancery suit brought by the appellee against appellant on June 3, 1890.

"The breach of covenant that was made to appear arose from the foreclosure by a trustee's sale made in 1877, under a 'blanket' trust deed in the nature of a mortgage, made by the Highland Park Building Company in 1875, covering the lots in question and other premises, the lien of which was prior to the title of appellee, and of which sale or foreclosure it does not appear that appellee knew until in March, 1890, nor that appellant had personal knowledge until in August, 1893, which was more than two years after the release in question was given. Besides the transaction concerning the Highland Park lots the parties seem to have had other relations concerning other real estate, and on said June 3, 1890, when appellant was in Chicago, he being a resident of London, England, the appellee filed a bill in equity for an accounting from him. The appellant at that time having trouble with one B. F. Jacobs, concerning matters between themselves and others, which was in process of

compromise when appellee's bill for accounting was filed, insisted with Jacobs that before he could go further in the pending negotiations for a settlement of such controversies, he, Jacobs, must procure an acquittance from appellee of all matters involved in his equity suit for accounting, and for the beginning of which suit Jacobs testified that the appellant held him responsible. The result was, that without the personal participation of appellant except to execute the paper, the following release was executed by both appellant and appellee:

" 'This agreement and release, made between Edward C. Mitchell, of Chicago, Illinois, and John W. Todd, of London, England, witnesseth: That whereas, there is a difference between the parties hereto respecting certain profits in some real estate transactions of said Todd in Chicago, Illinois; and whereas, said Mitchell has lately brought his action against said Todd for an accounting between himself and said Todd; and whereas, said parties hereto have compromised said differences:

" 'Now, therefore, in consideration of said differences and in further consideration of one dollar and other good and valuable considerations passing from said Todd to said Mitchell and from said Mitchell to said Todd, the parties hereto do hereby forever release and discharge each other from any and all claims, demands, accounting, and from any and all profits, dealings, moneys or other value whatever, and in consideration aforesaid do hereby forever release and discharge each other from any and all claims and demands, of any name and nature whatsoever, which either may have against the other.

" 'In witness whereof said Edward C. Mitchell and John W. Todd have hereunto set their hands and seals this 10th day of June, 1890.

EDWARD C. MITCHELL, [Seal.]

J. W. TODD. [Seal.]' "

Upon the hearing, which was without a jury, propositions of law were submitted by the parties. The court rendered judgment for the defendant, and the case was appealed to the Appellate Court, where the judgment of the circuit court was affirmed, and plaintiff now comes to this court upon further appeal.

Millard & Abbey, for appellant:

The general words in the release must be limited in effect to the matters mentioned in the recitals in the release. Leake on Contracts, (3d ed.) 797; Addison on Contracts, (8th ed.) 1223; *Railroad Co.* v. *Artist*, 60 Fed. Rep. 367; *Thorp* v. *Thorp*, 1 Ld. Raym. 235; *Paylor* v. *Hormishan*, 4 M. & S. 423; *Lyall* v. *Edwards*, 6 H. & N. 336.

Appellant did not know of the existence of the present cause of action when the release was made, and therefore that cause of action was not released. Addison on Contracts, (8th ed.) 1223; Mechem on Agency, sec. 721; *Lyall* v. *Edwards*, 6 H. & N. 336.

Edwin White Moore, for appellee:

It is competent for a party by his own act to forego a recovery for unknown as well as known causes of action, and construing the language of a release most strongly against the grantor, if words are used fairly importing a general discharge, their effect cannot be limited by the bare proof that the releasor had no knowledge of the existence of the demand in controversy. *Kirschner* v. *Insurance Co.* 135 N. Y. 182.

If the instrument in form operates as a general release, ignorance of a claim or cause of action does not impair its effect as a bar to that claim or cause of action. *Slayton* v. *Hemken*, 91 Hun, 582.

Where a contract is an entirety and is wholly unauthorized, and the principal takes the benefit of it, he must take it with the obligations which make part of it. *Biedman* v. *Goodell*, 56 Iowa, 592.

To enable a court to construe a release, extrinsic evidence is admissible to explain the circumstances under which it was executed and the nature of the transaction to which it was designed to apply, without adding to or subtracting anything from the words used by the parties to the instrument. *Rowe* v. *Rand*, 111 Ind. 206.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The general replication to the special pleas of release put in issue the question as to whether the release set up in these pleas operated to release the cause of action here sued upon. On the theory that it was not a bar to this cause of action the plaintiff presented to the court a number of propositions of law which were refused, the first and second of which were as follows:

1. "Where there is a particular recital in a release, followed by general words, the latter are qualified by the particular recital, and the court therefore holds that in the release in question the general words of the release are governed and controlled by the recitals contained in said release respecting the differences therein referred to between said parties.

2. "The release offered in evidence by the defendant, though general in its terms, will be limited to those matters set forth in the recital, and will not be considered to include the cause of action set up in the declaration, if, at the time of the execution thereof, the plaintiff was ignorant of the existence of the encumbrance set forth in the declaration and the sale of the premises thereunder, and the defendant had reason to believe he was so ignorant."

We think the only question for our decision is, what is the fair and proper construction to be placed upon the language of this release? It begins: "That whereas, there is a difference between the parties hereto respecting certain profits in some real estate transactions of said Todd in Chicago, Illinois; and whereas, said Mitchell has lately brought his action against said Todd for an accounting between himself and said Todd; and whereas, said parties hereto have compromised said differences: Now, therefore, in consideration of said differences," etc. It is clear that the purport of this language is to limit the scope of this release to the matters contemplated in the recital, and they are, first, concerning some profits

arising in real estate transactions; second, the account-ing; and third, the compromise of these differences be-tween the parties. It relates to these particular matters, and these alone. This construction is aided by the facts of this case, which tend to show that the breach of the covenant of warranty could not have been in contempla-tion of the parties, because unknown to the appellant at that time as an existing claim. Furthermore, this re-lease, as it shows upon its face, refers only to matters which had been "compromised" by the parties. There is no pretense that this breach of the covenant of warranty had been compromised or adjusted, and such language could not possibly be construed to have reference to that. As is said by WATERMAN, J., in his dissenting opinion filed in the Appellate Court: "The general words of re-lease will be restrained in effect by the recitals contained in the instrument, as applied to the subject matter,—and this is true at law as well as in equity,"—citing *Lyall* v. *Edwards,* 6 H. & N. 336; Addison on Contracts, 1223; *Hazel-grove* v. *House,* 6 B. & S. 975; *Blair* v. *Chicago and Alton Rail-road Co.* 89 Mo. 383; *Paylor* v. *Hormishan,* 4 M. & S. 423; *Lyman* v. *Clark,* 9 Mass. 235; *Rich* v. *Lord,* 18 Pick. 322.

We are satisfied the first and second propositions asked by the appellant and refused by the court announced a correct rule of law applicable to the case. Viewed in the light of all the evidence in the case, and in the light of the special as well as the general recitals in the re-lease, it clearly appears that the intention was to release only those matters specially recited. This being true, the release was not a bar to this action, and the circuit court erred in refusing the first and second propositions of law submitted. Its judgment, and that of the Appel-late Court, will be reversed, and the cause remanded for further proceedings in conformity with the views here expressed.       *Reversed and remanded.*