Avery Brundage, Appellant, v. Gustav H. Gottschalk, Appellee.

Gen. No. 35,459.

Heard in the second division of this court for the first district at the October term, 1931. Opinion filed February 23, 1932. Rehearing denied March 5, 1932.

McNab, Holmes & Long, for appellant; Allan W. Cook, of counsel.

Jacobson, Merrick, Nierman & Silbert, for appellee.

Mr. Justice Kerner delivered the opinion of the court.

Avery Brundage, plaintiff, brought suit against Gustav H. Gottschalk upon a written guaranty of defendant, and filed a declaration from which it appears that he entered into a contract with the Shoreland

Hotel Company by which he agreed to furnish certain labor and material in connection with a building to be erected by the Shoreland Hotel Company at 5484 South Shore drive, Chicago, Illinois, for which the Shoreland Hotel Company agreed to pay plaintiff $700,000, payable $630,000 in cash, and a last payment of $70,000 to be paid with 700 shares of the 8 per cent preferred capital stock of the Shoreland Hotel Company, which said stock was to be issued to the plaintiff subject to a provision that it would be redeemed by the Shoreland Hotel Company at the price of $100 in cash, per share, on or before May 1, 1929; that for a good and valuable consideration the defendant promised and agreed that should the Shoreland Hotel Company fail to redeem said stock from the plaintiff on or before May 1, 1929, upon notice of such failure, and 30 days after presentation of such stock to him, he would purchase and pay for it at the rate of $100 per share; that plaintiff did all that it was required for him to do under this contract, and subsequently a certificate for 700 shares of the preferred capital stock of the Shoreland Hotel Company was issued to him; that on May 1, 1929, the said certificate of stock was presented to the Shoreland Hotel Company, but it refused to accept the certificate and pay to the plaintiff $70,000 in cash; that immediately thereafter plaintiff notified defendant of this default and tendered the certificate to him and demanded that he pay the plaintiff $70,000 therefor. Such payment not being made within the 30 days, in accordance with the terms of the agreement, plaintiff brought suit.

The defendant in addition to his plea of non assumpsit also filed a special plea. This plea sets up that on March 25, 1927, the defendant executed and delivered to the Shoreland Hotel Company, a certain release; that by this release the plaintiff discharged the Shoreland Hotel Company from its obligation to

purchase the 700 shares of the preferred stock owned by the plaintiff in the Shoreland Hotel Company and that the legal effect of such release was to discharge the defendant from his obligation to purchase the same in the event of the default of the Shoreland Hotel Company.

The plaintiff filed an amended replication to this special plea, to the effect that after the execution of the contract of May 25, 1925, plaintiff furnished extra materials and work and a controversy arose between the plaintiff and the Shoreland Hotel Company relative to the amount due for such extra work and material; that plaintiff filed a contractor's claim for lien, claiming there was due him for such extras $57,163.56; that the Shoreland Hotel Company countered with a claim that plaintiff under the contract of May 25, 1925, had improperly installed a part of the work on the building and offered to compromise plaintiff's claim by the payment of $20,000; that at that time there was no controversy by reason of plaintiff's ownership of the preferred stock; that plaintiff refused said offer but did enter into an arbitration agreement; that the arbitrator found there was due an additional sum of $8,000 from the Shoreland Hotel Company, which said sum was paid by plaintiff on March 25, 1927, and thereupon plaintiff executed the release set forth in defendant's plea; that said release had nothing whatever to do with such stock that plaintiff then held or with the agreement of the Shoreland Hotel Company to repurchase the same, and that it was executed solely and only for the purpose of releasing the plaintiff's claim against the Shoreland Hotel Company for extras.

To this plea defendant demurred. The demurrer was sustained, and plaintiff electing to stand by his amended replication, judgment was entered against the plaintiff. To reverse this judgment plaintiff appealed.

Counsel for plaintiff say, ''the only issue is whether or not this release constitutes a bar to plaintiff's cause of action.'' There is no claim that there was any fraud or mistake in the execution of the release by any misrepresentation as to the character of the instrument signed, but plaintiff's contention is that it appears on the face of the release that he did not release the Shoreland Hotel Company from its obligation to purchase the stock and that extrinsic evidence was admissible to show the release was not given for the purpose of relieving the Shoreland Hotel Company from its obligation to purchase the stock. We agree with counsel for plaintiff that great liberality should be allowed in construing the release and that it must be considered and interpreted as a whole, and from it as a whole, must be gathered the intention of the parties. The release is under seal. It does not contain a preamble or recital nor does it refer to any other claim between the plaintiff and the Shoreland Hotel Company and in it the plaintiff released the Shoreland Hotel Company of and from all manner of actions and causes of action, suits, debts, accounts, bonds, *covenants,* claims and demands whatsoever, in law or in equity, which against the Shoreland Hotel Company plaintiff ever had, now has or by reason of any cause, matter or thing whatsoever, and more particularly from all manner of action and causes of action which he had or may have of and by reason of work done and performed by plaintiff for the Shoreland Hotel Company under a certain contract made and executed May 25, 1925, or for or by reason of a certain claim for lien filed in the circuit court of Cook county as claim No. 94493, for the sum of $57,163.56.

Plaintiff's counsel in arguing for a reversal say that from the release it can be reasonably inferred it was not intended that plaintiff should release the Shoreland Hotel Company from its agreement to repurchase

the stock. We cannot concur in this contention as it is obvious that the release is in form a general release, with the customary broad, absolute and unequivocal terms, and it discharges every liability of the Shoreland Hotel Company. Nor can we agree that in the instant case extrinsic evidence would be admissible to contradict or modify the release, as a written contract, if unambiguous in its terms, cannot be varied, contradicted or modified by parol evidence of conversations relating to the subject matter of the contract, which occurred between the contracting parties before the execution of the contract. (*Schneider v. Sulzer,* 212 Ill. 87, 92; *Engelstein v. Mintz,* 345 Ill. 48, 60; 2 Parsons on Contracts (6th Ed.) p. 874–5.)

In *Deland v. Amesbury Woolen & Cotton Mfg. Co.,* 24 Mass. (7 Pick.) 244, defendants pleaded a release under seal. Plaintiff contended it was not his intention by the release to discharge a certain Ward from the payment of a certain note and was permitted over the objections of defendants to explain and control the operation of the release. The court in reversing the cause said, p. 246: "The release is absolute and unequivocal in its terms, and it cannot be explained by parol evidence. If it was the intention of the plaintiff to except this note from the release, it should have been so expressed in the indenture."

In *Pierson v. Hooker,* 3 Johns. (N. Y.) 68, it was said, p. 70: "But the instrument is general and comprehensive, and expressly reaches to every debt and demand of every kind. To show by parol proof that it was not so intended, is to contradict or explain away the instrument, which is contrary to the established rule of law."

In *Crum v. Sawyer,* 132 Ill. 443, it was contended, as here, that general words are limited to the thing specially in contemplation of the parties at the time when the release was given. The court said, p. 464:

"Here the general and comprehensive expression comes first. It is that the party of the first part does 'release . . . all right and interest of every kind and nature whatsoever, and especially his contingent right of dower and homestead,' etc., in the lands of his wife. The larger and more general intent is first stated. . . . An intent thus expressed will not be defeated or limited by subsequent expressions more restricted in their application."

*Chicago Union Traction Co. v. O'Connell,* 224 Ill. 428, was an action for personal injuries sustained by O'Connell on March 8, 1902. O'Connell had also been injured by the Traction Company on July 18, 1903. The Traction Company offered in evidence a release under seal, which discharged the defendant from all claims, demands, actions, causes of action, or suits at law for or because of any matter or thing done, omitted or suffered to be done by the Traction Company, its agents or servants, from the beginning of the world to and including the date of the release, and especially on account of a certain accident which occurred on July 18, 1903. The question was whether or not this release operated as a bar to O'Connell's cause of action resulting from the accident of March 8, 1902. The court held that where a release contains general language followed by special references to a particular claim or cause, the release is not limited to the particular claim so specified, but operates as a general release of all causes of action. See also *Dunbar v. Dunbar,* 71 Mass. (5 Gray) 103, 105; *Hyde v. Baldwin,* 34 Mass. (17 Pick.) 303, 307; *Leddy v. Barney,* 139 Mass. 394; *Klopot v. Metropolitan Stock Exchange,* 188 Mass. 335, 337, and *Kirchner v. New Home Sewing Mach. Co.,* 135 N. Y. 182, 188.

Plaintiff also contends that his claim against the Shoreland Hotel Company arose subsequent to the execution of the release and for that reason it is not such a cause of action as could have been included in

the release. We are of the opinion that the liability of the Shoreland Hotel Company to repurchase the stock under the contract of May 25, 1925, was fixed and that plaintiff was possessed of a distinct right which was a proper subject of contract.

After a careful consideration of the rules applicable for the construction of such an instrument as is involved in the instant case, we are impelled to the conclusion that the demurrer was properly sustained, for the reason that the legal effect of the release is a bar to the action.

The judgment is affirmed.

*Affirmed.*

GRIDLEY, P. J., and SCANLAN, J., concur.