**Mary L. HUBER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 43011.**

United States District Court
N. D. California, S. D.

June 24, 1965.

Noel D. Martin, San Francisco, Cal., for plaintiff.

Jerry Cimmet, Asst. U. S. Atty., San Francisco, Cal., for defendant.

SWEIGERT, District Judge.

This is an action brought under the Tort Claims Act (28 U.S.C. §§ 1346(b), 2671–2680) both to recover property and personal injury damage arising out of a collision on November 18, 1963 between an automobile operated by plaintiff and an automobile operated by an employee of the Interstate Commerce Commission.

The case is before the Court on a motion under F.R.Civ.P., Rule 12(b) by defendant, United States, to dismiss the complaint. The motion is based upon an affidavit of Schmid which in effect alleges a release by plaintiff of the claim in suit. Plaintiff has filed an opposition to the motion based on counter-affidavits of herself and D. E. Wallace. The motion, therefore, may be regarded as a motion for summary judgment under Rule 12(b).

Defendant's affidavit of Schmid, Managing Director of Interstate Commerce Commission alleges in substance that affiant considered a claim for damages in the amount of $516.34, dated January 28, 1964, filed by plaintiff and arising out of the automobile accident of November 18,

1963; that affiant approved payment of the sum of $516.34 to plaintiff and the Hartford Insurance Group; that such payment was accepted by the claimants as final and conclusive settlement and that plaintiff executed a release, a certified copy of which is attached to the affidavit.

This claim and release transaction was pursuant to 28 U.S.C. § 2672 which provides for administrative adjustment of claims of $2500 or less and further provides that: "The acceptance by the claimant of any such award, compromise, or settlement shall be final and conclusive on the claimant, and shall constitute a complete release of any claim against the United States and against the employee of the government whose act or omission gave rise to the claim, by reason of the same subject matter."

Plaintiff's counter-affidavit alleges in substance that on April 18, 1964, her collision carrier, Hartford Insurance Group, which was the subrogee of her property damage claim, sent her certain forms which she signed but that she did not "contemplate" releasing the government for anything other than the property damage and that it was never her "intent" to release the government for any claim other than property damage.

The affidavit of D. E. Wallace, Claims Supervisor for Hartford Insurance Group, alleges in substance that it made a claim as subrogee of plaintiff's claim for property damage; that the claim was limited to property damage and did not include any claim for personal injuries and that it was "never intended" that the release executed by plaintiff and Hartford would operate to release the United States for plaintiff's personal injuries.

Although the Wallace affidavit characterizes the claim as one "limited to property damage and did not include any claim for personal injuries," the claim (Schmid Affidavit—Ex. A-1) shows on its face that it is a claim not only for property damage but also for stated personal injuries which are specifically described under the appropriate heading,

"Personal Injury." However, under a separate heading, "Amount of Claim—Property Damage" claimants inserted "$516.34", but under the heading "Amount of Claim—Personal Injury," the claimant wrote "Still under doctor's care," without allocating any portion or amount to the stated personal injury. This was not essential and the government was justified and, as the Court reads Section 2672, required to offer an amount in settlement of the entire claim. It did so by tendering the amount allocated by the claimant for property damage on condition it be received in settlement of the whole claim.

Plaintiff admits that she signed a voucher form (Ex. A-3) upon which the following typewritten statement appears: "In full settlement of claim resulting from an accident on November 18, 1963, involving a car driven by Mary Lowry Huber and General Services Administration rental automobile driven by Howard K. Stow, an employee of the Interstate Commerce Commission."

Directly beneath this typewritten statement is a printed form entitled: "ACCEPTANCE BY CLAIMANT" and providing (precisely in the language of the statute): "I, the claimant, do hereby accept the within stated award, compromise, or settlement as final and conclusive on me, and agree that said acceptance constitutes a complete release by me of any claim against the United States and against the employee of the Government whose act or omission gave rise to the claim, by reason of the same subject matter." It was directly under this release that claimant subscribed her name on April 18, 1964.

There is no allegation in the complaint, or in any affidavit, of any act, statement, misrepresentation, bad faith, or overreaching on the part of the United States which might invalidate the release—only the legally irrelevant statement that it was not the "intent" of the claimant, herself, to release the government for any claim other than property damage.

As there is no genuine issue concerning any material fact bearing upon either

the execution of the release, or upon its validity as between plaintiff and the United States, the Court concludes from the record that plaintiff's cause of action in the pending Tort Claims suit has admittedly been compromised and released and that the United States is entitled to a judgment on its motion as a matter of law.

Defendant's motion is, therefore, granted and the complaint is dismissed.