Andrew D. ROBINSON,
Plaintiff-Counter-Defendant,

v.

UNITED STATES of America,
Defendant-Counter-Plaintiff.

No. 75 C 3089.

United States District Court,
N. D. Illinois, E. D.

Feb. 5, 1976.

Martin A. Smith, Chicago, Ill., for plaintiff.

Samuel K. Skinner, U. S. Atty., Chicago, Ill., for defendant.

## RULING ON MOTION

AUSTIN, District Judge.

On August 3, 1973, Plaintiff was involved in an accident with an Internal Revenue Service agent driving a government automobile. Plaintiff's insurer filed an administrative claim with the Internal Revenue Service for property damage in the amount of $737.90. The claim was allowed in full. Before receiving payment Plaintiff and his insurer executed a "VOUCHER FOR PAYMENT UNDER FEDERAL TORT CLAIMS ACT." Plaintiff subsequently filed a second administrative claim, in the amount of $20,739.00, for personal injuries incurred in the same automobile accident. This claim was denied on the ground that the voucher signed by Plaintiff contained a release of all claims arising out of the accident. Plaintiff then filed the present action in the Circuit Court of Cook County, from which it was removed to this Court.

The United States now moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint for failure to state a claim upon which relief may be granted or, in the alternative, for summary judgment.

For the reasons that follow, Defendant's motion, taken as one for summary judgment, must be denied.

Where a party moves to dismiss for failure to state a claim and the court

considers material outside the pleadings, the motion will be treated as one for summary judgment under Rule 56. Fed. R.Civ.P. 12(b)(7); *Egan v. City of Aurora,* 275 F.2d 377, 378 (7th Cir. 1960). This rule is applicable here because Defendant has filed an affidavit and both parties have filed exhibits.

Defendant contends (1) that Plaintiff is barred from maintaining this action because he executed the release and (2) the claim is barred by the statute of limitations.

■ Turning first to the applicable statute of limitations, 28 U.S.C. § 2401(b) requires that suit be commenced within 6 months of the date on which the agency makes a final disposition of the claim. The agency denied Plaintiff's second claim in a letter dated August 2, 1974. Plaintiff has presented a copy of an affidavit, dated July 19, 1974, relating to institution of the suit in Circuit Court. Based on this evidence it is clear that the case was filed within the limitations period.

The effect of the voucher release presents a more difficult question.

The original administrative claim form filed by Plaintiff's insurer contains, under the general heading "AMOUNT OF CLAIM," separate spaces for property damage, personal injury, wrongful death, and total claim. In the spaces marked "property damage" and "total", the insurer entered the figure $737.90. The other two spaces, under personal injury and wrongful death, were lined out. In a space designated for the purpose, the insurer described the property damage. In a space designated for the description of personal injury, the insurer entered the letters "DNA." Above a space reserved for signature is the statement:

I certify that the amount of claim covers only damages and injuries caused by the accident above and agree to accept said amount in full satisfaction and final settlement of this claim.

Instructions on the reverse side include the following admonition:

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 10 of this form [the "AMOUNT OF CLAIM" space referred to above]. Separate claims for personal injury and property damage are not acceptable.

The claim was certified by a representative of the insurer.

The voucher for payment signed by Plaintiff and the insurer states $737.90 as the amount of award and, in a space headed "DESCRIPTION OF CLAIM", contains a typewritten description of the property damage. Below this is a preprinted paragraph headed "ACCEPTANCE BY CLAIMANT(S)", which reads:

I (We), the claimant(s), do hereby accept the within-stated award, compromise, or settlement as final and conclusive on me (us) of any claim against the United States and against the employee of the Government whose act or omission gave rise to the claim, by reason of the same subject matter.

Plaintiff contends that his insurance company was the sole claimant of the property damage in the first administrative claim, and that by cosigning the voucher he did not release his claim arising out of personal injuries sustained in the same accident. The insurance company, argues Plaintiff, had subrogation rights only to the property damage action and therefore could not have filed a claim for personal injuries.

The issue here is not whether the first claim was made by the insurer alone or by Plaintiff and the insurer jointly. Nor is the issue whether Plaintiff's insurer, as subrogee, can make a separate claim and accept a separate award for property damage without releasing Plaintiff's right to make a claim for personal injuries. Answers to these questions cannot resolve this case for the simple reason that after the property damage claim had been allowed, Plaintiff signed a release form as "claimant." The issue is the effect of this release upon Plaintiff.

Section 2672 of Title 28, U.S. Code provides that acceptance of an award under that section "shall be final and conclusive on the claimant, and shall constitute a complete release of any claim against the United States . . . by reason of the same subject matter." This is substantially the same language contained in the voucher form signed by Plaintiff.

On the basis of this statute, in a situation nearly identical to the instant case, another court precluded suit against the United States after the plaintiff had signed the release voucher. *Huber v. United States,* 244 F.Supp. 537 (N.D.Cal. 1965).

I am unable to agree, however, that Section 2672 is dispositive of the case. The statute says no more than the release itself and can have no more effect than the release. It merely states that acceptance of a claim shall constitute a release. It does not purport to set up rules governing the validity, scope, or interpretation of releases arising from its operation.

Faced with a nearly identical fact situation, another federal court also rejected the *Huber* analysis and instead held that under the Federal Tort Claims Act state law governs the validity of a release. *Cordaro v. Lusardi,* 354 F.Supp. 1147 (S.D.N.Y.1973). I agree.

A U.S. district court has jurisdiction of civil actions for injuries caused by the wrongful act of a U.S. employee "under circumstances where the United States, if a private person, would be liable to the claimant *in accordance with the law of the place where the act or omission occurred.*" 28 U.S.C. § 1346(b) [emphasis added]. In *Richards v. United States,* 369 U.S. 1, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962), the Supreme Court reiterated that the purpose of the Tort Claims Act is "to render the Government liable in tort as a private individual would be under like circumstances." 369 U.S. at 6, 82 S.Ct. at 589.

Congress intended that the appropriate state law serve as the model for the liabilities it consented to accept. If the "circumstances" referred to in the statute include, as they do, those creating a liability, it follows that they also include those that will release a liability once arisen. *Rushford v. United States,* 204 F.2d 831, 832 (2d Cir. 1953); *Air Transport Associates, Inc. v. United States,* 221 F.2d 467, 471 (9th Cir. 1955); *Matland v. United States,* 285 F.2d 752, 754, (3d Cir. 1961); *Montellier v. United States,* 315 F.2d 180, 185 (2d Cir. 1963). Section 2672 must be reconciled with the overall Congressional intent that liabilities be adjudicated in accordance with state law. To afford Plaintiff the opportunity to prove a liability under state law yet refuse him the opportunity to challenge a release allegedly covering that same liability under the same state law would give rise to an inconsistency not countenanced by the "local law" policy of the Tort Claims Act. The government cannot be placed in a more favorable position than any other defendant under state law. I conclude, therefore, that state law will govern the effect of the release in this case. Because the "act or omission" alleged here occurred in Illinois, Illinois law is applicable.

In many jurisdictions, including Illinois, "there has been considerable relaxation in the effect given to language of general release." Havighurst, *Principles of Construction and the Parol Evidence Rule as Applied to Releases,* 60 Nw.U.L.Rev. 599, 601 (1965). One doctrine springing from this liberalization holds that when an instrument contains recitals of, or other reference to, specific claims and also words of general release, the words of general release are limited to the particular claims to which reference is made.[1] Illinois courts agree that

---

1. This rule "achieves results which are far more likely to be in accord with the actual intent of the parties than the results which follow from giving effect to the clear import of the language." Havighurst, *supra* at 606.

Courts thus take "implicit recognition that general language is often used improvidently, that form book phrases are adopted without regard for their literal meaning, that releases are in most instances drafted by lawyers rep-

under such circumstances only the claims specifically mentioned are released. *Todd v. Mitchell*, 168 Ill. 199, 48 N.E. 35 (1897); *Kerr v. Schrempp*, 325 Ill.App. 614, 60 N.E.2d 636 (1945); 31 Ill.L. & Prac. § 21 (1957); *see* Havighurst, *supra* at 605.

■ The release in question here presents this very issue. Above the pre-printed language of general release, the voucher contained a typewritten statement of only the property damage claim, and the former may be limited by the latter. Plaintiff's claim for personal injuries, therefore, is not precluded by the release.

None of the Illinois cases cited by Defendant involved a release with a limiting recitation, and none are controlling here.

■ Under a related doctrine, Illinois courts have uniformly held that the effect of a release must be based on the intention of the parties gathered from consideration of the release as a whole. *Butcher v. United Elec. Coal Co.*, 174 F.2d 1003 (7th Cir. 1949); *Pennwalt Corp. v. Metropolitan Sanitary District of Greater Chicago*, 368 F.Supp. 972 (N.D.Ill.1973); *Brundage v. Gottschalk*, 265 Ill.App. 260 (1932); *Keeran v. Wahl*, 320 Ill.App. 457, 51 N.E.2d 598 (1943); *Freudenthal v. Lipman*, 51 N.E.2d 794, 320 Ill.App. 681 (1944); *Standard Steel & Wire Corp. v. A. Finke & Sons Co.*, 7 Ill.App.3d 32, 287 N.E.2d 55 (1972). Under this doctrine Plaintiff here should be permitted to present extrinsic evidence as to the scope of the release.

For the foregoing reasons, Defendant's motion must be denied.

Motion denied.

resenting obligors, and that claimants absorbed in a particular controversy are apt to undergo a lapse of mind in respect to other possible claims which they might have." *Id.*