This is an appeal from the Portage County Court of Common Pleas. Appellant, George Dodds, appeals the trial court judgment entering summary judgment in favor of appellees, the Ohio Bureau of Workers' Compensation ("Bureau")[1] and Kent State University, the employer. This case involves a dispute about the scope of a workers' compensation settlement agreement between appellant and appellees.
In 1994, the parties entered into a settlement agreement by the terms of which appellant was paid $6,000. The instant dispute is whether this settlement is confined to an August 29, 1990 injury and Claim No. PEM271783, or includes a prior claim and payments being made thereunder.
At the time of this settlement, and for fifteen months thereafter, appellant had another allowed claim upon which he received weekly benefits. (Claim No. PEL91772.).
On November 26, 1995, the Bureau unilaterally terminated the benefits being paid under the older claim, found that payments from January 27, 1995 to November 26, 1995 were overpayments, and ordered $6,065.66 be repaid. However, inasmuch as appellant is retired, he has no future benefits against which repayment can be enforced. R.C. 4123.51.13(J). Appellant appealed this administrative ruling to the Portage County Common Pleas Court. Following discovery, each party filed motions for summary judgment. The trial court overruled the motion of appellant, and sustained the motion of the Bureau and Kent State University. Appellant appeals to this court assigning two errors:
 "[1.] The trial court erred to the prejudice of [appellant] in denying [appellant's] motion for summary judgment.
 "[2.] The trial court erred to the prejudice of [appellant] in granting [appellees'] motion for summary judgment.
The issues here involve the legal impact of a settlement agreement executed between the parties.[2] The pertinent question is whether or not the single page document included the earlier allowed claim as a part of the release, or whether the release was limited to only Claim No. PEM271783. The document, in its entirety, is attached and incorporated.
It is our view that each of the assigned errors has merit, and thus, we reverse the judgment of the Portage County Common Pleas Court.
Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that:
 (1) No genuine issue as to any material fact remains to be litigated;
 (2) the moving party is entitled to judgment as a matter of law; and
 (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Furthermore, appellate courts review a trial court's granting of summary judgment de novo. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. The Brown court stated that "[w]e review the judgment independently and without deference to the trial court's determination." Id.
First, we are invited to examine the contract in question from the perspective of the principle of ejusdem generis, and hold that the general words of "release" and "waiver" are limited by the specific recital of the numbered claim.
To determine whether the principle of ejusdem generis is to be invoked to the benefit of appellant, it is necessary to examine the entire contract and determine whether, from its four corners, it is clear, or whether there are ambiguities to be resolved according to principles of contract interpretation.
Here, there is a factual dispute regarding the interpretation of the settlement agreement. Hence, the issue is whether the agreement is unambiguous. "The decision as to whether a contract is ambiguous and thus requires extrinsic evidence to ascertain its meaning is one of law." OhioHistorical Soc. v. Gen. Maintenance Eng. Co. (1989), 65 Ohio App.3d 139,146. If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined. See, generally, Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241
. A court will not construe language that is clear and unambiguous on its face. Logsdon v. Fifth Third Bank of Toledo (1994), 100 Ohio App.3d 333,339. It is only when an ambiguity is found that the meaning of words used becomes a question of fact. Ohio Historical Soc., supra, at 146.
In the instant matter, it is our view that the settlement agreement was ambiguous. The agreement is unclear as to whether it only refers to Claim No. PEM271783, or whether it also includes Claim No. PEL91772. Certain language in the release would tend to give the impression that it only includes Claim No. PEM271783, while other language in the agreement would lead one to conclude that both claims are included. The individual waiver clauses appear clear when read alone, but when read together the wording here which refers to "any other numbered claim or claims" creates an ambiguity.
Appellant relies upon Decker v. Rightnour (Feb. 5, 1992), Summit App. No. 15195, unreported, 1992 WL 20657, and an Illinois case, ChicagoTransit Auth. v. Yellow Cab Co. (1984), 123 Ill. App.3d 764,463 N.E.2d 738, in support of his claim that when general terms follow specific terms, the scope of the agreement is to be limited to things of the same general nature as those specifically stated. Kay v. PennsylvaniaRR. Co. (1952), 156 Ohio St. 503, paragraph three of the syllabus.
Upon our independent analysis of the contract, we conclude that the release could apply only to Claim No. PEM271783, and not to any other workers' compensation claims appellant had or has.
Appellant also argues that ambiguities in the agreement are to be construed against the drafter, in this case, the Bureau, and that there was a mutual mistake and, therefore, no meeting of the minds as to the scope of the agreement.
It is our determination that the contract is facially ambiguous in its reference to other claims. For example, the agreement variously refers to the word "claim" in both the singular and plural form. Nevertheless, the document only captions a single claim number. Further, there is a singular usage of "claim" in the body of the agreement, and it references a specific claim number. Accordingly, this court concludes that the settlement agreement is ambiguous and must be interpreted in favor of appellant. Since we have concluded that the agreement was ambiguous, we need not address appellant's argument regarding mutual mistake. Thus, the trial court erred in finding that the release applied to more than the single captioned claim.
For the foregoing reasons, appellant's assignments of error are sustained. The judgment of the Portage County Common Pleas Court is reversed, and we enter judgment in favor of appellant that the release rendered in this case only applied to PEM 271783.
 ___________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., concurs, JOHN R. MILLIGAN, Ret., Fifth Appellate District, sitting by assignment, dissents with Dissenting Opinion.
[1] We note that the Administrator of the Ohio Bureau of Workers' Compensation is James Conrad. Nevertheless, because the name of "William" Conrad was set forth in the original complaint, we will use that caption for purposes of appeal.
[2] Although not part of the record, we are mindful that the Bureau had occasion to revise the form that was involved in this case. The amended form clarifies the Bureau's intent when resolving a workers' compensation claim against employers. The revised form states that the "award * * * will be accepted by Plaintiff/Claimant in full and complete satisfaction and settlement of the cause of action * * * of any and all claims * * * which Plaintiff/Claimant has * * * against the Defendants in the above captioned action and all other workers' compensation claims, for injuries * * * whether known or unknown at the time of the execution of this agreement * * *."
Further, there is language indicating that the award would be granted for claims "while Plaintiff/Claimant was an employee of the Defendant/Employer or any other employer" and that the award was "settlement of [the claim], and/or any other numbered claim or claims, which Plaintiff/Claimant might or could have filed * * * against the within named Defendant/Employer or any other employer." Attorney General Betty Montgomery's letter of August 23, 2000.