Charles R. Keeran, Appellant, v. The Wahl Company, Formerly The Wahl Adding Machine Company, et al., Appellees.

Gen. No. 42,520.

458

Opinion filed November 4, 1943.
Rehearing denied November 23, 1943.

Moss, Ellman & Inlander, of Chicago, for appellant; Walter E. Moss, of Chicago, of counsel.

Winston, Strawn & Shaw, of Chicago, for appellees; George B. Christensen and Edward J. Wendrow, both of Chicago, of counsel.

Mr. Justice Scanlan delivered the opinion of the court.

An action by plaintiff, the inventor of the Eversharp Pencil, against The Wahl Company, the manufacturer of said pencil, and others, for damages that plaintiff claims resulted from a conspiracy of defendants to injure and damnify· him; to despoil him of his rights and interests in said pencil, his patents thereon and all patents relating thereto, and all his rights and interests in the Eversharp Company; "to render nil and vacuous his future business ventures"; "to render impotent his inventive gifts," and to ruin and destroy him through a series of alleged overt acts committed in pursuance of the conspiracy. Plaintiff demanded a jury trial. Defendants filed the following motions to the amended complaint: (a) A· motion to dismiss under Sec. 48 of the Civil Practice Act on the grounds of (1) limitations, (2) prior judgment, and (3) release; (b) a motion to strike under Sec. 45; (c) a motion to make the amended complaint more definite and certain. By leave of court the affidavit that had been filed by defendants in support of a motion to dismiss the original complaint and the counter-affidavit of plaintiff were permitted to stand as to motion (a). Defendants also filed a motion to strike as insufficient plaintiff's counter-affidavit. The trial

court entered the following order: "This cause coming on to be heard on defendants' motion to dismiss and supporting affidavit (filed January 4, 1941) and defendants' motion to strike plaintiff's affidavit in defense of defendants' motion to dismiss, and the Court duly having considered briefs of respective counsel, and having heard arguments, and being duly advised in the premises, It Is Ordered that the said motions, and each of them, be granted; that this action be dismissed; and that defendants have judgment of and from the plaintiff for their costs." Plaintiff appeals from that order.

It will be noted that the trial court did not pass upon defendants' motions (b) and (c), and, therefore, we are not called upon to determine the sufficiency of the amended complaint. It alleges that plaintiff was the inventor of the Eversharp Pencil and had secured basic patents thereon; that said pencil proved of exceeding mechanical utility and of great commercial worth; that plaintiff incorporated the Eversharp Pencil Company; that said pencil is of intricate construction and plaintiff contracted with The Wahl Company to manufacture it for a stipulated sum per pencil; that said Company manufactured the pencil; that the sales were large and constantly increased in volume; that defendants and others maliciously and wrongfully intending and contriving to injure and damnify plaintiff and the other shareholders of the Eversharp Company, to despoil them of all their rights and interests in said pencil and in their patents thereon and of all their rights and interests in the Eversharp Company, to render nil and vacuous plaintiff's future business ventures, to render impotent his inventive gifts, and to ruin and destroy him, confederated to that end, and in pursuance and consummation of the conspiracy, they, commencing about March 1, 1916, and continuing until the time of the filing of the original complaint, committed overt acts in furtherance of the conspiracy,

by which the ruin of plaintiff was accomplished. The complaint sets up many overt acts and alleges that they were committed by defendants and other conspirators in furtherance of the conspiracy, but upon this appeal it is not necessary for us to recite them.

Plaintiff, in support of his contention that the court erred in entering the judgment order, has argued a number of points that are not essential in the determination of this appeal. We are in accord with defendants' statement that the question as to whether the amended complaint states a good cause of action is not before us upon this appeal for the reason that the trial court entered the judgment order solely upon defendants' motion (a), which was a motion to dismiss under Sec. 48 of the Practice Act, on the following grounds: (1) limitations, (2) prior judgment, and (3) release. In this court defendants concede that ground (2) would not warrant the entry of the judgment order and that it may be disregarded; they contend that the sole question for us to determine is whether grounds (1) and (3) justify the judgment order. We are in accord with this contention.

As to ground (1): Defendants' motion to dismiss, on the ground of limitations, contains only the following: "It appears from the face of the amended complaint that the asserted cause or causes of action did not accrue within the time limited by law for the commencement of an action or suit thereon." Plaintiff contends: "The statute of limitations cannot be raised by motion to strike or dismiss unless it affirmatively appears from the pleadings attacked that the cause of action is barred by a particular section of the limitations act interposed as a defense," and cites in support of the contention *Burnett v. West Madison State Bank,* 375 Ill. 402, where the court states (p. 408): "There is considerable argument in the briefs of the respective parties as to whether the five-year or the ten-year Statute of Limitations should apply. The

Statute of Limitations is an affirmative defense and the burden of proving it rests upon the party pleading it. (*Schell v. Weaver,* 225 Ill. 159.) It is a well-established principle of pleading that the Statute of Limitations can not be raised by a demurrer or motion to strike unless it affirmatively appears from the pleadings attacked, that the cause of action is barred by the particular section of the Limitations act being interposed as a defense." This contention of plaintiff would undoubtedly be a meritorious one had he made a motion to strike from defendants' motion to dismiss the language in relation to limitations, but the record does not show that he made any such motion and, therefore, he waived the defect in the pleading. (See Ill. Rev. Stat. 1943, ch. 110, par. 166, sec. 42 (3) [Jones Ill. Stats. Ann. 104.042, subd. (3)]. See, also, *Aetna Ins. Co. v. Illinois Cent. R. Co.,* 283 Ill. App. 527, 553.) The parties agree that there can be no recovery in a civil action for a mere conspiracy and that to make the conspiracy actionable it must be followed by an overt act or acts in furtherance of the conspiracy. Plaintiff cites certain criminal cases that hold that in a criminal prosecution for conspiracy the Statute of Limitations does not begin to run from the time the conspiracy was entered into, but from the date of the commission of the last overt act in furtherance of the conspiracy (see *People v. Blumenberg,* 271 Ill. 180, 185; *People v. Link,* 365 Ill. 266, 280, 281, and cases cited therein), and contends that this rule applies to the instant case, and that as there are allegations in the amended complaint sufficient to show that overt acts were committed in pursuance of the conspiracy from about March 1, 1916, down to the time of the filing of the complaint, no part of plaintiff's cause of action is barred by limitations. Defendants contend that the rule in criminal cases does not apply to the instant proceeding; that in a criminal prosecution for conspiracy the gist of the conspiracy is the unlawful

agreement and that the consummation of the conspiracy is not essential to the offense of conspiracy (citing *People v. Buckminster,* 207 Ill. App. 230; 282 Ill. 177), but that in a civil action based upon a charge of conspiracy it must appear not only that the conspiracy was formed but that an overt act or acts were done in furtherance of the conspiracy, and they argue that it is the damage done in pursuance of the conspiracy that gives a plaintiff a right of action in a civil proceeding and that the Statute of Limitations begins to run immediately upon the commission of an overt act as to such act. As this record is presented to us we are not called upon to determine the foregoing question. Plaintiff states: ''An action for civil conspiracy is not specifically mentioned in Chapter 83 of the Illinois Revised Statutes entitled 'Limitations'. An action for civil conspiracy is undoubtedly covered by Section 15 (par. 16) of our Limitations Act, providing that 'all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued.' '' Defendants state: ''It is unnecessary to determine whether the one, two or five year statute applies to 'civil conspiracy,' because the averments concerning the five years immediately preceding the filing of complaint are of the same tenor and effect. Plaintiff appears to take the position that there is a five-year period of limitation. For the purposes of this appeal and argument which is on a motion to dismiss the entire case we will not contest plaintiff's assumption although that assumption is highly debatable.'' We find at the conclusion of defendants' argument that plaintiff's entire cause of action is barred by the Statute of Limitations, the following significant admission: ''It follows from the foregoing [cases cited by defendants] that at most, plaintiff could recover for only such damages as he has sustained within the applicable limitations period,'' and defendants complain that plaintiff seeks to recover for

alleged grievances dating back for a quarter of a century. But here we have a case where the trial court held that plaintiff's entire cause of action was barred by the Statute of Limitations. The allegations of paragraphs 19, 20, and 21 of the amended complaint set forth that overt acts in furtherance of the conspiracy were committed in each of the years 1923 to 1938, both inclusive, and that said acts were still being committed at the time of the filing of the complaint. While defendants at the outset of their brief insisted that the question as to whether the amended complaint states "a theoretically good cause of action" is not before this court upon this appeal, they finally seem to realize that the trial court erred in holding that the Statute of Limitations applied to the entire cause of action, and they seek to avoid the effect of the error by contending that "plaintiff has not well pleaded any acts done pursuant to the conspiracy within the period of any applicable statute and, therefore, his entire cause of action is barred"; that "plaintiff does not set out the words *in haec verba*; he does not say when, during the 15 years span he covers, the words were published, nor to, or by whom; nor does he even hint as to which and what were oral or which and what were written; he does not even hint at the identity of the 'sundry persons . . . rumormongers' who 'furtively disseminated insidious rumors'; as far as the corporate defendants are concerned, he does not allege who the agents were that uttered the supposed libels nor that they were acting within the scope of their authority." Had the trial court passed favorably upon defendants' motion to strike the complaint under Sec. 45 and also upon defendants' motion to make the amended complaint more definite and certain, plaintiff would then have had an opportunity to amend the amended complaint. Defendants state that they have not waived or abandoned these motions and that should the instant judg-

ment order be reversed and the cause remanded they will have a right to ask the trial court to pass upon the said motions. In the state of the record defendants should not be heard to raise the instant contention. We hold that the trial court erred in holding that the Statute of Limitations applied to the entire cause of action.

As to ground (3): Was plaintiff's cause of action barred by the instrument signed by him on February 3, 1927? Attached to defendants' motion to dismiss under Sec. 48 of the Civil Practice Act is an affidavit of James H. Winston, which, so far as it applies to the instant question, is as follows:

"In further support of the motion to dismiss herein, affiant shows unto the Court that on February 23, 1927, the plaintiff herein, Charles R. Keeran, for the sum of $2500, gave a full and complete release in words and figures as follows:

" 'Chicago, February 3rd, 1927. " 'Received from The Wahl Company Twenty-five hundred dollars ($2500.00) in full of all claims and demands of every kind, nature and description which I now have (or may hereafter have), arising out of anything that has heretofore transpired against the said The Wahl Company or any of its agents, officers, directors and employees.

" 'C. R. Keeran.

" 'Witness: " 'C. J. Frechette.'

"Further affiant sayeth not."

The counter-affidavit filed by plaintiff, so far as it pertains to the instrument of February 3, 1927, is as follows:

Plaintiff avers that $2,500 was the amount that The Wahl Company agreed to pay for his Canadian patents and in certain paragraphs of the affidavit plaintiff alleges facts tending to show that the $2,500 was received by him, and the so-called release or receipt was

given, for the assignment of his Canadian patents and for no other purpose; that in said transaction plaintiff had implicit faith in, and relied upon the representations of C. J. Frechette, the vice-president of The Wahl Company; that Frechette knew of the perpetuous conspiracy but plaintiff did not; that the release or receipt under the circumstances stated in the affidavit was obtained through duress and fraud and that except for the Canadian patents there was no consideration for it, and he denies that the acceptance of the check and the signing of the receipt or release, released the perpetuous conspiracy that commenced long prior to February 3, 1927, and continued down to the filing of the complaint. Plaintiff demanded that the issues raised by the motion to dismiss and the affidavit of James H. Winston in support thereof be submitted to a jury. No other affidavits were filed upon said motion.

Defendants contend that the instrument signed by plaintiff on February 3, 1927, must be treated as a general release and that by its terms plaintiff released all claims of every kind, whether known to him or not; that even if plaintiff had no knowledge of the alleged conspiracy at the time of the execution of the release such fact would not prevent its being covered by a general release; that "he who gives a general release does so at his peril"; that the release cannot be contradicted by parol evidence even though the alleged conspiracy was not known to plaintiff at the time he signed the release; *that the release is a bar to the entire claim of plaintiff.*

Plaintiff contends that the so-called release is not under seal and therefore he has the right to show that it was made without consideration, or that it was part payment only, or that it was obtained by fraud, duress or circumvention, and cites in support of the contention *Robinson v. Yetter,* 238 Ill. 320, 324, 325; *Woodbury v. U. S. Casualty Co.,* 284 Ill. 227, 234, 235.

Plaintiff further contends that under the rules that govern the interpretation of releases the instrument cannot be held to be a release of defendants from the claim set up in the complaint; that the so-called release, giving it the most favorable construction for defendants, merely releases The Wahl Company or any of its agents, officers, directors and employees, from all claims and demands of every kind, nature and description "which I now have (or may hereafter have), *arising out of anything that has heretofore transpired,*" and that it is idle to argue that plaintiff by signing the instrument thereby released the defendants in the instant case from the overt acts committed in pursuance of the conspiracy as alleged in the complaint; acts that are in their nature criminal and that were committed after the signing of the release.

". . . a release, like every other written instrument, must be so construed as to carry out the intention of the parties. This intention is to be sought in the language of the instrument itself when read in the light of the circumstances which surrounded the transaction. The court which interprets must place itself as nearly as possible in the position of the parties when they acted." (*Parmelee v. Lawrence,* 44 Ill. 405, 410. See, also, *Miller v. Lloyd,* 181 Ill. App. 230, 245.) "Nor should the words employed in a release be extended beyond the consideration; otherwise we make a release for the parties which they never intended or contemplated; *Rapp v. Rapp,* 6 Penn. St., 45; *McLarren v. Robertson,* 20 Penn. St., 125; *Noble v. Burke,* 5 Phil., 526; Wharton's Cont., 1037; *Lyman v. Clark,* 9 Mass. 238." (*Codding, Admr., v. Wood,* 112 Pa. St. 371, 378. Many other cases to the same effect might be cited.) The argument of defendants that the release covers all of the many overt acts set up in the complaint, acts that are alleged to have been committed by defendants after the date of the execution

of the release and in pursuance of the conspiracy, that plaintiff alleges was unknown to him at the time of the signing of the release, does not seem sound to us. Giving full effect to the language of the release and considering the language in the light of the conspiracy alleged in the complaint, it is our judgment that it could not be possible that the parties intended to include in the release all future overt acts of defendants committed in pursuance of the conspiracy charged. While this is a civil proceeding, nevertheless, the acts charged are criminal in their nature, and might have been made the basis of an indictment for conspiracy. If the argument of defendants is sound, then, ten years after the signing of the release, they might loot the safe of plaintiff and the release would bar any civil action by plaintiff against them for damages growing out of the looting. Assuming, but not deciding, that the release is broad enough to include all overt acts committed in pursuance of the conspiracy up to the time of the execution of the release, the following express language of the release, *"arising out of anything that has heretofore transpired,"* would seem to preclude an interpretation that the release covered overt acts, committed *in futuro,* in furtherance of the conspiracy. We hold that the trial court erred in holding that the instrument of February 3, 1927, barred plaintiff's entire cause of action.

There is much feeling shown in the briefs of the parties. Defendants contend that the claim of plaintiff is a preposterous one and that the prosecution of the case is intended to harass defendants and thereby force them to make another settlement to avoid expenses and weeks of trial. To this plaintiff replies: "The plaintiff was the inventor of the Eversharp and the Autopoint pencils, and perfected the Realite pencil. Through his genius a pioneer industry was founded that has enriched the defendants but has left the plaintiff poor indeed—poor in this world's goods,

poor in his good name and poor in his reputation. Plaintiff is the harassed one, not the defendants.'' It is a sufficient answer to both positions to state that the merits of the cause are not before us for determination, and it must be understood that nothing that we have heretofore said in this opinion was intended to express any opinion as to the merits of the case.

The judgment of the superior court of Cook county is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed and cause remanded.*

FRIEND, P. J., and SULLIVAN, J., concur.