**Tellesford Giers, Appellant, v. The Atchison, Topeka and Santa Fe Railway Company, Appellee.**

**Gen. No. 45,812.**

Opin-
ion filed February 2, 1953. Rehearing denied February 20, 1953. Re-
leased for publication February 20, 1953.

NATHAN M. GOMBERG, and SIDNEY D. MISSNER, both of
Chicago, for appellant; SIDNEY D. MISSNER, of Chicago,
of counsel.

R. S. OUTLAW, and FLOYD J. STUPPI, both of Chicago,
for appellee.

MR. PRESIDING JUSTICE FRIEND delivered the opinion
of the court.

Plaintiff appeals from an order dismissing his suit
for recovery of damages for personal injuries under

the Federal Employers' Liability Act on the ground that the claim or demand set forth in the complaint had been released.

The complaint sought damages in the amount of $75,000 for injuries sustained on April 21, 1948, when defendant's train, on which plaintiff was employed as a chef, was derailed near Daggett, California. He alleged serious injuries to his back, as a result of which he was compelled to have major surgery at Passavant Hospital in Chicago, Illinois, in August 1950. In its answer defendant pleaded as an affirmative defense a release under seal, executed by plaintiff April 12, 1950. After the answer was filed, plaintiff moved to strike that part of the answer pertaining to the release. The court overruled plaintiff's motion and ordered him to file a reply within twenty days. In his reply plaintiff admitted that he had executed the release but averred that it covered burns on his arm and leg sustained by him in an accident which occurred at or near Shopton, Iowa on or about March 4, 1950 (almost two years after the derailment accident near Daggett, California) while employed as a dining-car chef by defendant, and had no connection whatever with the accident or the injuries described in the complaint. Defendant then filed a motion to dismiss the complaint on the ground that the claim or demand set forth in plaintiff's pleading had been released. When that motion came on for hearing, the matter was fully argued by the respective counsel, and briefs were submitted, after which the court granted defendant's motion and dismissed the complaint. The sole question presented is whether the instrument of April 12, 1950 released the claim described in the complaint.

The release reads as follows: "For the sole and only consideration of Three Hundred Twenty-five and no/100—Dollars ($325.00), the receipt of which is hereby acknowledged, I hereby release and forever dis-

charge The Atchison, Topeka, and Santa Fe Railway Company and Fred Harvey, their agents and employes, from any and all claims and demands which I now have or may hereafter have on account of any and all injuries, including any injuries which may hereafter develop as well as those now apparent, sustained by me at or near Shopton, Iowa on or about March 4th, 1950 while employed as Dining Car Chef on Train No. 11. In making this settlement I am not relying upon any statement made by any agent or physician of said The Atchison, Topeka and Santa Fe Railway Company and/or Fred Harvey as to what my injuries are, or how serious they are, or when or to what extent I may recover therefrom. It is definitely understood that in making this settlement no promise or representation is or has been made relative to future employment. I have read the above release and fully understand the same.''

[1] It is conceded that since the release was executed in Illinois, the law of this State pertaining to releases controls. Defendant takes the position, and the court evidently adopted the view, that since the release is in general terms, followed by particular recitals, the latter do not control the general language preceding them. Defendant's counsel stress and rely mainly on *Chicago Union Traction Co. v. O'Connell,* 224 Ill. 428, which, they say, is ''on all fours with the one at bar.'' In that case, plaintiff was struck and injured by one of defendant's streetcars on Wells and Superior streets on March 8, 1902. Defendant pleaded a release signed by plaintiff August 15, 1903, whereby, in consideration of $80, plaintiff released the defendant, its agents and servants, ''of and from all claims, demands, actions, causes of action or suits at law * * * from the beginning of the world to and including the day of the date hereof, and especially on account of a certain accident which occurred on or about the 18th day of July, A. D. 1903, at or near the inter-

172

section of Dearborn and Monroe streets, in the city of Chicago, * * * ." The court followed the general rule that particular recitals which follow general recitals in a release do not control the language, relying mainly for its decision on the early case of *Crum v. Sawyer*, 132 Ill. 443.

▮ Comparison of the release in the *O'Connell* case with that of the proceeding at bar indicates that they are entirely different. In the *O'Connell* case there was a general release "of and from all claims * * * from the beginning of the world to and including the day of the date hereof, and especially on account of a certain accident which occurred on or about the 18th day of July, A. D. 1903." In the present case the release was "from any and all claims and demands which I now have or may hereafter have on account of any and all injuries * * * sustained by me at or near Shopton, Iowa on or about March 4th, 1950 * * * ." This release was not complete or effective without the language locating the place and designating the time of the occurrence, whereas the release in the *O'Connell* opinion, and those referred to in the decisions cited in that opinion, were complete without such designations; such restrictive phrases as "and especially" or "and particularly" contained in the releases considered in those decisions are missing from the release in the case at bar. The phrase used here, "including any injuries which may hereafter develop as well as those now apparent," does not constitute a general release; it is merely descriptive of the nature of the injury and was used, in all likelihood, to preclude plaintiff from saying at a later date that at the time he signed the release his injury seemed trivial but that subsequently it developed that it was of a more serious nature.

▮▮ In the early case of *Parmelee v. Lawrence*, 44 Ill. 405, the court held that in construing a release the intention of the parties thereto must govern, and

173

that rule has generally been followed in this state. In *Keeran v. The Wahl Co.*, 320 Ill. App. 457, the court quoted with approval from the *Parmelee* opinion as follows: " ' * * * a release, like every other written instrument, must be so construed as to carry out the intention of the parties. This intention is to be sought in the language of the instrument itself when read in the light of the circumstances which surrounded the transaction. The court which interprets must place itself as nearly as possible in the position of the parties when they acted.' " If defendant had desired to obtain a release of the accident of April 21, 1948, which was far more serious in its nature, according to the allegations of the complaint, than the minor accident of March 4, 1950, it could easily have prepared a release about which no question could arise; on the other hand, if plaintiff had intended to release defendant from liability for both accidents, instead of one, it may fairly be presumed that he would not have been satisfied with a payment of $325 for so serious an injury as resulted from the derailment accident. The sum of $325 would seem to be a fair award for the burns on plaintiff's arm and leg on March 4, 1950, but that amount could not compensate plaintiff for the nature of the injuries alleged to have been sustained in the earlier accident which required major surgery. It is the established rule in this State that the intention of the parties must govern the construction of a release, and there can be no doubt that in the instrument of April 12, 1950 here under consideration the parties intended to effect a release only of all claims in connection with the Shopton accident of March 4, 1950, "including any injuries which may hereafter develop" as a result of that accident.

 Since we hold that the instrument in this case is a special release and had no connection whatever with the derailment accident at Daggett and was ob-

viously not intended to release defendant from plaintiff's claim for injuries sustained at Daggett, the order of the superior court entered November 26, 1951 dismissing this suit should be reversed, and it is so ordered.

*Order reversed.*

NIEMEYER, J. and BURKE, J., concur.