HARRIET GLADINUS, Plaintiff-Appellant, *v.* DOROTHY LAUGHLIN, Defendant-Appellee.

Fifth District   No. 76-513

Opinion filed July 19, 1977.

Meyer & Meyer, of Greenville, for appellant.

Ralph A. Vandever, of Vandever & Vandever, of Hillsboro (Denise M. Paul, of counsel), for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Plaintiff Harriet Gladinus appeals from an order of the circuit court of Montgomery County dismissing her complaint for personal injuries against defendant, Dorothy Laughlin.

On February 14, 1973, plaintiff was involved in an automobile collision with defendant and suffered certain personal injuries and damage to her auto. Defendant was insured by Economy Fire & Casualty Company through the Dunn Insurance Agency of Hillsboro, Illinois. After the accident was reported to him, James Dunn of that agency obtained an estimate in the amount of $107.94 reflecting the amount of damage to plaintiff's vehicle. After Dunn forwarded the estimate to his company, a check was issued by Economy Fire & Casualty Company dated April 4, 1973, in the amount of $107.94 payable to plaintiff and her husband.

The coverage provided for on the face of the check was coded "B-151-C." James Dunn testified that the "B" in that code stood for "property damage" and that none of the code covered personal injury. Medical bills relating to plaintiff's injuries were apparently not received by the Dunn Insurance Agency until after the check was endorsed. The check for $107.94 was delivered to plaintiff and her husband and thereafter endorsed by them below the following recitation contained on the back of the draft:

> "By acceptance of this draft, acknowledged by endorsement; the payee/s agree/s to release and discharge all claims against the Economy Fire & Casualty Co. and/or any other person who is either a named insured or an insured under the policy stated on the face of the draft. Economy Fire & Casualty Company is subrogated to all rights and causes of action to which it is entitled under said policy by reason of this payment."

In her amended motion to strike the complaint, defendant pleaded the above provision as a release and total bar to plaintiff's cause of action. After a hearing and after receiving memoranda on the scope and effect of the language on the back of the check, the court dismissed the complaint. Plaintiff's sole contention in this appeal is that her endorsement of the check did not release her claim for personal injuries.

■■ We believe the question presented in this case is answered by the recent decision in *Robinson v. United States*, 408 F. Supp. 132 (N.D. Ill. 1976). In that case the plaintiff was involved in an automobile accident with an Internal Revenue Service agent driving a government vehicle.

Plaintiff's initial claim for property damage under the Federal Tort Claims Act (28 U.S.C. §§2671 *et seq.*) in the amount of $737.90 was allowed in full. Subsequently, plaintiff filed a claim for personal injuries arising out of the same accident in the amount of $20,739. The claim for personal injuries was denied on the ground that the voucher signed for property damage contained a release of all claims arising out of the accident. After concluding that the law of Illinois governed the outcome of the case, the court noted "that when an instrument contains recital of, or other reference to, specific claims and also words of general release, the words of general release are limited to the particular claim to which reference is made." (408 F.Supp. 132, 136.) Since the voucher contained a typewritten statement of only the property damage claim above the preprinted language of the general release, the court determined that the language of the general release was limited by the specific reference to the property damage claim. The court thus rejected the defendant's contention that the plaintiff's claim for personal injuries was precluded by the release. See also *Todd v. Mitchell*, 168 Ill. 199, 48 N.E. 35; *Kerr v. Schrempp*, 325 Ill. App. 614, 60 N.E.2d 636; Havighurst, *Principles of Construction and the Parol Evidence Rule as Applied to Releases*, 60 Nw. U.L.Rev. 599 (1965).

This case is governed by the same principle. James Dunn of the Dunn Insurance Agency testified that "A" was the code for personal injury and that "B" symbolized property damage. It is undisputed that the face of the check was coded "B-151-C." In addition, Dunn testified that the code on the face of the check indicated that the check was for property damage. With these facts in mind, we believe the reference to property damage in the code on the face of the check effectively limited the general release on the back of the check to claims for property damage arising out of the accident in question.

■■■ There is another reason to reject the all-inclusive effect of the release in question. Illinois courts have uniformly held that the intention of the parties controls the scope and effect of the release; such intent is determined from the language of the instrument when read in light of the circumstances surrounding the transaction. (*Parmelee v. Lawrence*, 44 Ill. 405; *Giers v. Atchison, Topeka & Santa Fe Ry. Co.*, 349 Ill. App. 169, 110 N.E.2d 467; *Brundage of Gottschalk*, 265 Ill. App. 260; *Keeran v. The Wahl Co.*, 320 Ill. App. 457, 51 N.E.2d 598; *Standard Steel & Wire Corp. v. A. Finkl & Sons Co.*, 7 Ill. App. 3d 32, 287 N.E.2d 55.) Under this approach, Illinois courts will restrict the language of a general release to the thing or things intended to be released and refuse to interpret generalities so as to defeat a valid claim not then in the minds of the parties. *Butcher v. United Electric Coal Co.*, 174 F.2d 1003 (7th Cir. 1949).

■■ The facts presented in this case fall precisely within this rule. The amount of the check containing the purported release was in the exact amount of the property damage estimate to plaintiff's automobile. Furthermore, it is improbable that the full extent of plaintiff's personal injuries, requiring approximately 30 days of hospitalization, were known at the time the check was issued and endorsed. Such undisputed and persuasive facts will permit no other conclusion than that the parties intended to release only those claims relating to property damage. We thus agree with plaintiff's contention that it was the understanding of all concerned parties that the release affected her claim for property damage only and not her action for personal injuries. See *Stamsen v. Barrett*, 135 Ga.App. 156, 217 S.E.2d 320; *Hatcher v. Harleysville Mutual Insurance Co.*, ___ So. C. ___, 225 S.E.2d 181.

For the foregoing reasons the order of the circuit court of Montgomery County dismissing plaintiff's complaint is reversed.

Reversed.

KARNS and EBERSPACHER, JJ., concur.