BRUNS et al., Appellants,

v.

COOPER INDUSTRIES, INC., Appellee.

[Cite as *Bruns v. Cooper Indus., Inc.* (1992), 78 Ohio App.3d 428.]

Court of Appeals of Ohio,
Montgomery County.

No. 12898.

Decided Feb. 24, 1992.

*Robert G. Leland,* for appellants.

*Thomas L. Czechowski* and *Edward J. Dowd,* for appellee.

GRADY, Judge.

William L. Bruns brought a products liability action against Cooper Industries, Inc. ("Cooper") for injuries he suffered while using a ball peen hammer designed, manufactured and distributed by Cooper. The trial court granted summary judgment for Cooper. Bruns appeals, arguing that the trial court erred in granting summary judgment because genuine issues of fact remain for determination. We do not agree, and affirm the judgment of the trial court.

## I

### Facts

William L. Bruns was employed as a construction mechanic for Dayton Power and Light Company ("Dayton Power"). On August 7, 1987, Bruns was assigned to salvage utility poles. His specific task was to drive "through bolts" from the poles. This task required Bruns to use a ball peen hammer designed, manufactured, and distributed by Cooper. During the operation, a segment chipped from the steel head of the hammer and lodged in Bruns' upper abdomen.

Bruns' injury required several surgical procedures. Dayton Power was exempt from civil action for ordinary negligence because it provided workers' compensation coverage for Bruns. However, Bruns filed a complaint in common pleas court against Cooper, the manufacturer of the hammer, alleging (1) breach of express and implied warranties, (2) negligence and strict liability for defective design and manufacture, and (3) failure to warn.

Cooper moved for summary judgment. Cooper supported the motion with the affidavit of Donald J. Wulpi, a metallurgical engineer who inspected and tested the hammer and the fragment that injured Bruns. Wulpi concluded that the hammer was not defective at the time it was sold by Cooper. Portions of the deposition of Bruns' expert witness Richard Harmer, associate professor of mechanical engineering, were also submitted to establish the absence of a defect in the hammer. The partial affidavit of Larry Kee, a quality control manager, was also offered by Cooper. His affidavit concerns a warning placed on the hammer by Cooper.

In response, Bruns submitted the full deposition of Larry Kee. In his deposition, Kee acknowledged that Bruns' use of the hammer to remove "through bolts" was a proper and foreseeable use of the hammer. Kee also testified that a warning originally put on the hammer by Cooper had been obliterated by the time it was given to Bruns by Dayton Power.

The trial court granted Cooper's motion for summary judgment on all counts of Bruns' complaint. The court found that Bruns failed to establish privity between Bruns and Cooper, an element necessary to the breach of warranty claims. The court found that Bruns' claims of implied warranty, negligence, and strict liability for design or manufacturing defect were not actionable as Bruns failed to allege the existence of a defect in the manufacture, design, or distribution of the hammer. Bruns' claim for failure to warn was dismissed because, the court found, he failed to support that claim with evidence of what Cooper knew or should have known concerning the risk about which Cooper failed to warn. Bruns filed a timely notice of appeal.

On appeal Bruns presents three assignments of error, which are discussed below.

## II

### *Privity of Contract*

Bruns' first assignment of error states:

"The court below committed error by granting summary judgment to the defendant on the ground that plaintiff was not in privity of contract with the defendant."

Bruns' complaint alleges breach of express warranties and implied warranties under Ohio's Uniform Commercial Code, R.C. Chapter 1302.

Generally, a warranty is a statement or representation made by the seller contemporaneously with or as a part of the contract for the sales of goods.

An express warranty is created when the seller makes to the buyer a material or substantive promise or assurance concerning the quality, performance, or safety of the product sold to the buyer. When the quality or characteristics warranted by the seller fall short of the seller's representations, the express warranty is breached.

Implied warranties, on the other hand, are created by operation of law, independent of the agreement entered into by the parties. In contracts for the sales of goods governed by the Uniform Commercial Code, two implied warranties may exist: (1) the warranty of merchantability, and (2) the warranty of fitness for a particular purpose. See White & Summers, Uniform Commercial Code (2 Ed. 1980) 325, Chapter 9.

R.C. 1302.31 (UCC 2–318), third party beneficiaries of warranties express or implied, provides:

"A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his

home if it is reasonable to expect that such person may use, consume, or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section."

In *Bailey v. ITT Grinnell Corp.* (N.D.Ohio 1982), 536 F.Supp. 84, an employee sought recovery for injuries suffered while using a punch press purchased by his employer from the defendant. In dismissing the employee's breach of warranty claim brought pursuant to the Uniform Commercial Code, the court stated:

" * * * ITT [the seller] sold the press to plaintiff's employer * * *, and * * * plaintiff was injured while operating the machine in the course of his employment. *Obviously then, plaintiff is not one 'who is in the family or household of [the] buyer or who is a guest in [the buyer's] home'* [R.C. 1302.31]. Accordingly, plaintiff has no contractual relationship with ITT and the provisions of the UCC do not apply to plaintiff's warranty action. * * * " *Id.* at 89. (Emphasis added and footnote omitted.)

Privity between the buyer and seller is a prerequisite to a breach of warranty claim brought under the Uniform Commercial Code. See *United States Fid. & Guar. Co. v. Truck & Concrete Equip. Co.* (1970), 21 Ohio St.2d 244, 50 O.O.2d 480, 257 N.E.2d 380.

Bruns failed to establish a basis for privity with Cooper. Bruns was not the purchaser of the hammer. Bruns was the employee of the purchaser, Dayton Power.

Official Comment 3 to UCC (R.C. 1302.31) provides:

"[R.C. 1302.31] expressly includes as beneficiaries within its provisions the family, household and guests of the purchaser. Beyond this, the section in this form is neutral and is not intended to enlarge or restrict the developing case law on whether the seller's warranties, given to his buyer who resells, extend to other persons in the distribution chain."

The Ohio General Assembly has declined the express opportunity to enlarge the seller's warranties under the Uniform Commercial Code to a buyer's employee. See H.B. 779, 114th General Assembly, 1981–1982 Session.

The trial court did not err in holding that privity of contract between plaintiff and defendant is a necessary element to the breach of warranty claims alleged. Bruns' first assignment of error is overruled.

### III

### *Defect*

Bruns' second assignment of error states:

"The court below committed error by granting summary judgment to the defendant on the ground that plaintiff did not show that a defect existed in the product when it left the defendant's plant and that the defect was the proximate cause of the injury to the plaintiff."

The court below held:

"[The] plaintiffs cannot recover on an implied warranty in tort theory because there is no showing that there was a defect in the product at the time the product left the manufacturer and that the defect was the proximate cause of the injury to plaintiff.

"In order to prevail in a products liability case in Ohio, be it premised upon negligence or strict liability, the plaintiff must prove that there was in fact a defect in the product manufactured and sold by the defendant, that such defect existed at the time the product left the hands of the defendant manufacturer and that the defect was the direct and proximate cause of plaintiff's injuries. [Citations omitted.] Plaintiff has not shown here that the hammer was defective at the time it left the hands of the manufacturer, *i.e.*, Cooper Industries."

We agree with the trial court's analysis. A plaintiff pursuing a products liability claim based on implied warranty in tort or negligence must establish (1) the existence of a defect in the product which existed at the time the product left the manufacturer, and (2) that the defect was the proximate cause of the injuries. *Lonzrick v. Republic Steel Corp.* (1966), 6 Ohio St.2d 227, 35 O.O.2d 404, 218 N.E.2d 185.

In his brief to this court Bruns admits there was no physical or chemical defect in the hammer when it left Cooper's hands. The admission concludes any issue of fact. Such a defect is necessary to the cause of action under the rule of *Lonzrick*. The trial court did not err in granting summary judgment on that basis.

The second assignment of error is overruled.

## IV

### Notice

Bruns' third assignment of error states:

"The court below committed error by granting summary judgment on the ground that the plaintiff submitted no evidence concerning the defendant's knowledge of a risk or hazard about which the defendant failed to warn."

Civ.R. 56(C) controls summary judgment practice and states:

" * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulations and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made * * *."

In construing Civ.R. 56, the Ohio Supreme Court has stressed that its language formulates a tripartite test whereby the moving party must establish: "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion * * * is made * * *." *Harless v. Willis Day Warehousing Co., Inc.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47.

 A party resisting a motion for summary judgment is entitled under Civ.R. 56(C) to have the evidence construed most strongly in his favor. In arguing that an issue of fact exists, he is entitled to rely on the evidence presented by the movant. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597, 601. However, whether he relies on that evidence or evidence of his own, a party resisting the motion must designate specific facts in conflict showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, approved and followed by *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus. The conflict must arise from irreconcilable affirmative allegations of fact, that is, affirmative allegations of fact appearing in the evidence and stipulations. No conflict arises from mere denial of the truth of the evidence presented by the movant.

 Generally, a manufacturer of a product must warn the users of that product of risks or hazards which arise from the ordinary and expected use of the product and of which the manufacturer knows or reasonably should know. In *Crislip v. TCH Liquidating Co.* (1990), 52 Ohio St.3d 251, 257, 556 N.E.2d 1177, 1182–1183, the Supreme Court stated:

" * * * In a products liability case where a claimant seeks recovery for failure to warn or warn adequately, it must be proven that the manufacturer knew, or should have known, in the exercise of ordinary care, of the risk or hazard about which it failed to warn. [Footnote omitted.] Further, there will

be no liability unless it be shown that the manufacturer failed to take the precautions that a reasonable person would take in presenting the product to the public. * * * "

Cooper, the manufacturer of the ball peen hammer, imprinted the following warning onto the shaft of the hammer:

"WARNING. BE SAFE. WEAR SAFETY GOGGLES

" * * * Ball peen hammers are intended to drive against the soft head of a cold chisel, and can be used by general machinists. Axes and wood choppers mulls should not be used as a splitting wedge. *The face of these products can chip if struck against another striking tool, hardened nail, or other hard objects, causing damage to the tool and possibly resulting in eye or bodily injury.* Replace any tool immediately upon chipping, mushrooming, or other damage." (Emphasis added.)

This warning had been obliterated by wear from the hammer which was given to Bruns by his employer and which chipped and produced Bruns' injury.

In granting summary judgment in favor of Cooper, the trial court found that Bruns had failed to produce evidence "as to what Cooper knew or should have known in the exercise of ordinary care of the risk or hazard about which it failed to warn." *Crislip v. TCH Liquidating Co., supra.* We cannot agree with that conclusion.

Initially, we note that the warning printed on the hammer shows for purposes of Civ.R. 56 that Cooper was aware of the risk of damage or injury when the hammer was used in the manner concerned in this case. Further, evidence from Bruns is not required to preserve the issue of Cooper's knowledge for trial, even under the apparently more stringent evidentiary standards of *Celotex* and *Wing.*

Second, Bruns was not required to offer or produce evidence of what Cooper was reasonably required to do to meet its duty to warn of the risks, at least at this stage. Reasonableness is a mixed issue of fact and law for the trier of fact. The court may find as a matter of law that a defendant's acts were so clearly reasonable that reasonable minds could only conclude that the defendant had not breached its duty of care. However, the trial court made no such finding.

Cooper was obligated to warn users of its product of those dangers reasonably foreseeable from its use. *Crislip, supra.* The text of the warning affixed by Cooper warns of such dangers. More pertinent to the issue here, it warns of those dangers which Bruns alleges produced his injury. The

only remaining issue is whether the means by which the warning was affixed to the hammer was sufficient to satisfy Cooper's duty to warn Bruns.

Bruns showed that the warning printed on the shaft of the hammer by Cooper had been obliterated by wear when his employer gave it to him to use. Such wear is reasonably foreseeable, and Cooper may have been negligent in not using a more durable form of warning. To establish liability under that theory, Bruns must also show that the lack of a warning was the proximate cause of the accident and his resulting injury. Under that theory of causation, however, the act of his employer in providing him with the hammer in that condition is also an active and efficient cause of the accident. While we cannot find the employer's act negligent as a matter of law, if Cooper was negligent under Bruns' theory, so was his employer. Any such negligence on the part of the employer is not, however, reasonably foreseeable by Cooper. The employer's act, therefore, supersedes the negligence of Cooper alleged by Bruns and operates as a bar to Cooper's liability to Bruns for injuries which its antecedent negligence may have been a substantial factor in bringing about. See *R.H. Macy & Co. v. Otis Elevator Co.* (1990), 51 Ohio St.3d 108, 554 N.E.2d 1313. See, also, 2 Restatement of the Law 2d, Torts (1965) 465, Section 440.

The trial court did not err in granting summary judgment on a finding that Bruns could not show that Cooper's alleged negligence was the direct and proximate cause of his injuries. The assignment of error is overruled.

## V

### *Conclusion*

Having overruled appellant's assignments of error, the judgment of the trial court is affirmed.

*Judgment affirmed.*

WILSON, J., concurs.

WOLFF, J., dissents.

WOLFF, Judge, dissenting.

I respectfully dissent.

The majority opinion concludes that, as a matter of law, it was not reasonably foreseeable by Cooper that Dayton Power would furnish Bruns with a hammer that had an obliterated warning. I cannot agree with this conclusion. I do agree with the rest of the majority opinion and would accordingly reverse and remand for further proceedings on the issues of (1)

whether Cooper was negligent in failing to utilize a more durable means of warning, and if so, (2) whether Cooper's negligence was a proximate cause of Bruns' injury, *or* whether Dayton Power's furnishing Bruns with a hammer that had an obliterated warning was the unforeseeable and proximate cause of Bruns' injury.