CORDIANO, Appellant,

v.

CONSOLIDATED RAIL CORPORATION, Appellee.

[Cite as *Cordiano v. Consol. Rail Corp.* (1993), 87 Ohio App.3d 398.]

Court of Appeals of Ohio,
Crawford County.

Nos. 3–92–18 and 3–92–29.

Decided April 29, 1993.

*Kelly M. Morgan,* for appellant.

*Michael E. Ritch,* for appellee.

---

HADLEY, Judge.

These are appeals by plaintiff-appellant, Salvatore A. Cordiano, from the judgments of the Court of Common Pleas of Crawford County in favor of defendant-appellee, Consolidated Rail Corporation ("Conrail").

Prior to 1989, Cordiano, while employed by Conrail, sustained injuries to his ears due to exposure to loud noises. As a result of these injuries, Cordiano suffered a hearing loss. Cordiano and Conrail then agreed to a settlement of $7,500 for the injuries he sustained. Thereafter, Cordiano signed a general

release stating that Conrail was released from all claims, known or unknown, arising out of these injuries.

On August 8, 1990, Cordiano filed a complaint against Conrail pursuant to the Federal Employers' Liability Act ("FELA") for an injury to his ears that allegedly occurred on October 28, 1989, which resulted in an additional hearing loss.

Conrail then moved for summary judgment, stating that the general release signed by Cordiano was valid and enforceable and therefore barred Cordiano from initiating this cause of action. The trial court, on February 4, 1992, granted Conrail's motion for summary judgment. Cordiano then filed a motion to vacate the trial court's judgment pursuant to Civ.R. 60(B)(1) and (5).

Prior to the trial court's ruling on Cordiano's motion to vacate the judgment, Cordiano filed his notice of appeal of the summary judgment in App. No. 3–92–18. Subsequently, the trial court denied Cordiano's motion to vacate the judgment on April 22, 1992. Cordiano then appealed the trial court's judgment denying his motion to vacate in App. No. 3–92–29. These cases were consolidated for the purpose of oral arguments and will be addressed numerically and consecutively.

In App. No. 3–92–18, Cordiano asserts the following three assignments of error:

### Assignment of Error No. I

"It was prejudicial error for the trial court to grant summary judgment for the stated reason that appellant failed to show that he had sustained additional hearing loss when the unrefuted evidence was that appellant sustained additional hearing loss and an aggravation of prior hearing loss subsequent to a settlement with defendant on November 24, 1984."

### Assignment of Error No. II

"The court erred in granting summary judgment to appellee on an alleged issue that was not specifically delineated in appellee's motion for summary judgment."

### Assignment of Error No. III

"To the extent that the trial court relied upon 'progression of hearing loss' to justify entering summary judgment, such reliance is misplaced and contrary to law."

Herein, Cordiano asserts that he suffered a new injury to his ears on October 28, 1989, and as a result of that new injury, he suffered an additional hearing loss. Therefore, summary judgment should not have been granted.

Conrail argues that the general release signed by Cordiano bars this present action. Conrail further argues that the general release was signed by Cordiano knowingly and intelligently. The fact that Cordiano signed the general release of his own free will is not at issue.

Summary judgment should be granted only when a review of all the pleadings and submitted evidence would convince a reasonable person that there is no disputed issue requiring resolution by a determination of the weight and credibility of the evidence, and the movant is entitled to judgment as a matter of law. See Civ.R. 56(C). The trial court is not permitted to weigh the evidence on the merits when reviewing a motion for summary judgment. Summary judgment should not be granted if an inference (supporting the position of the nonmoving party) can be drawn from the facts. *Viock v. Stowe–Woodward Co.* (1983), 13 Ohio App.3d 7, 15, 13 OBR 8, 16, 467 N.E.2d 1378, 1386. For the reasons stated below, Cordiano has demonstrated that an issue of material fact exists as to whether he suffered a new injury to which the general release is not applicable.

The general release states:

" * * * I, Salvatore A. Cordiano for the sole consideration of $7,500 received to my full satisfaction from Consolidated Rail Corporation ('Conrail') and without any other agreement, promise or representation, written or oral, I hereby release and forever discharge the said Conrail, its predecessor, affiliated and subsidiary companies and any and all other parties, associations and corporations jointly or severally liable, including Pennsylvania Railroad Company, Penn Central Transportation Company, Trustees of Penn Central Transportation Company and Penn Central Corporation from all claims, demands, actions and causes of action of every kind whatsoever and including, but without limitation of the foregoing, all liability for damages, costs, expenses and compensation of any kind, nature or description now existing or which may hereafter arise from or out of injuries and damages, known or unknown, permanent or otherwise, sustained or received by me, including hearing loss, *at or near Crestline, State of Ohio on or about the 27th day of January, 1982 and at or near Industry, State of Pennsylvania on or about the 8th day of June 1982 and at or near Columbus, State of Ohio, on or about the 15th day of August, 1968 and the 29th day of November, 1984.*" (Emphasis added.)

The general release is valid for all hearing loss Cordiano suffered as a result of the dates and places listed above. However, the general release is not effective as to any future hearing loss sustained as a result of a new accident.

See Section 55, Title 45, U.S.Code.[1] A general release is not effective and enforceable as a release for other work-connected injuries not specified in the release. See Section 55, Title 45, U.S.Code.[2]

The motion for summary judgment by Conrail was to determine if the general release barred Cordiano from instituting this action. The language of the release does not encompass an additional hearing loss due to a entirely different accident that resulted in a new injury to Cordiano's ears.

Cordiano in his deposition stated, "What happened on October 28th, 1989 was the fact that I happened to be at the Y at Conway and I walked out of the building with my hearing aids in and a retarder noise hit me pretty hard, really hard. And it literally made my ears quiver to some extent. That's what happened." Cordiano further stated in his deposition, "It [the noise] was extremely loud. Now, you know, that wasn't an unusual noise. In other words, what I mean by that, you often heard extremely loud sounds inside and outside the building. * * * The noise was extremely loud, and the way it affected me was by making my ears quiver." See Cordiano's deposition, Volume 1 of 2, at 62 and 72. Whereas the Cordiano's complaint, affidavit and deposition specify that on October 28, 1989, he suffered a new injury to his ears, the trial court erred in holding that the general release barred Cordiano's cause of action. Whether Cordiano's additional loss of hearing was the result of the new injury or resulted from the past injuries covered by the general release is a factual determination for the jury's consideration. Cordiano's three assignments of error are well taken.

In App. No. 3-92-29, Cordiano asserts the following sole assignment of error:

"Appellant is entitled to relief from summary judgment pursuant to Rule 60(B) of the Ohio Rules of Civil Procedure."

Cordiano had filed his appeal on the trial court's granting of Conrail's motion for summary judgment prior to the trial court's ruling on his motion for

---

1. Section 55, Title 45, U.S.Code states that: "any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable a common carrier to exempt itself from any liability created by this chapter, shall to that extent be void: *provided,* That in any action brought against any such common carrier under or by virtue of any of the provisions of this chapter, such common carrier may set off therein any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been paid to the injured employee or the person entitled thereto *on account of the injury or death for which said action was brought."* (Emphasis added.)

2. See *Giers v. Atchison, T. & S.F. Ry. Co.* (1953), 349 Ill.App. 169, 110 N.E.2d 467; the court stated that the release of claims against the railroad did not bar a claim for injuries suffered in an earlier accident where the release specified the date and place of the injuries for the subsequent accident.

relief of judgment; therefore, the trial court lost jurisdiction to entertain that motion. In *Klinginsmith v. Felix* (1989), 62 Ohio App.3d 147, 151, 574 N.E.2d 1142, 1144, the appellate court stated that the trial court loses jurisdiction to grant relief from judgment under Civ.R. 60(B) after an appeal is taken, whether the 60(B) motion is made prior to or after the appeal is taken, except with permission of the appellate court. See, also, *Dempsey v. Chicago Title Ins. Co.* (1985), 20 Ohio App.3d 90, 20 OBR 111, 484 N.E.2d 1064; *Majnaric v. Majnaric* (1975), 46 Ohio App.2d 157, 75 O.O.2d 250, 347 N.E.2d 552.

However, as we have determined hereinabove that the trial court erred in granting summary judgment, this assignment of error is rendered moot.

Whereas, the trial court erred in granting summary judgment, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

EVANS, P.J., concurs.

THOMAS F. BRYANT, J., dissents.

THOMAS F. BRYANT, Judge, dissenting.

For the reasons that follow, I must dissent from the majority's opinion.

The "General Release" executed by Cordiano states as follows:

" * * * I, Salvatore A. Cordiano for the sole consideration of $7,500.00 received to my full satisfaction from [Conrail] and without any other agreement, promise or representation, written or oral, I hereby release and forever discharge the said [Conrail] * * * from all claims, demands, actions and causes of action of every kind whatsoever and including, but without limitation of the foregoing, all liability for damages, costs, expenses and compensation of any kind, nature or description *now existing or which may hereafter arise from or out of injuries and damages, known or unknown, permanent or otherwise, sustained or received by me, including hearing loss * * *.*" (Emphasis added.)

Conrail's motion for summary judgment asserts that Cordiano's claimed hearing loss was a progression of his earlier ear injuries and not a result of a new work-related injury, thus Cordiano's claim was barred by his execution of the release in exchange for the $7,500 monetary settlement.

On February 4, 1992, the trial court granted Conrail's motion for summary judgment, stating that "there has been no damage alleged in the discovery or before the Court in any way as to the new damages sustained and expenses incurred as a result of the incident of October 28, 1989."

On appeal, our standard of review is the same standard applied by the trial court pursuant to Civ.R. 56. In *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47, the Ohio Supreme Court stated:

"The appositeness of rendering a summary judgment hinges upon the tripartite demonstration: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor."

Civ.R. 56(E) states in part:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials in his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."

The Ohio Supreme Court interpreted Civ.R. 56(E) in *Harless, supra,* as follows:

"Unsupported allegations in the pleadings do not suffice to necessitate the denial of a summary judgment. The principal function of Civ.R. 56(E) is to enable movement beyond allegations in the pleadings, and to analyze the evidence so as to ascertain whether an actual need for a trial exists." (Footnote omitted.) *Id.* at 66, 8 O.O.3d at 74, 375 N.E.2d at 47.

Further, in *Bruns v. Cooper Indus., Inc.* (1992), 78 Ohio App.3d 428, 434, 605 N.E.2d 395, 398–399 the court stated:

"A party resisting a motion for summary judgment is entitled under Civ.R. 56(C) to have the evidence construed most strongly in his favor. In arguing that an issue of fact exists, he is entitled to rely on the evidence presented by the movant. * * *. However, whether he relies on that evidence or evidence of his own, a party resisting the motion must designate specific facts in conflict showing that there is a genuine issue for trial. * * * *The conflict must arise from irreconcilable affirmative allegations of fact, that is, affirmative allegations of fact appearing in the evidence and stipulations. No conflict arises from mere denial of the truth of the evidence presented by the movant.*" (Emphasis added and citations omitted.)

Here, the majority correctly holds that the "General Release" executed by Cordiano is a valid and enforceable agreement for the ear injuries he sustained prior to November 29, 1984. However, the majority then opines that there is a genuine issue of material fact concerning whether Cordiano suffered a new ear injury on October 28, 1989, precluding the granting of summary judgment. The

majority states, "Herein, Cordiano asserts that he suffered a new injury to his ears on October 28, 1989, and as a result of that new injury, he suffered an additional hearing loss. Therefore, summary judgment should not have been granted."

As I read the majority opinion, in essence it applies the test for the sufficiency of the conclusions of a complaint challenged pursuant to Civ.R. 12(B)(6). In such a case, plaintiff need only show that some state of facts susceptible of proof would support a claim like that pleaded. However, here on motion for summary judgment pursuant to Civ.R. 56, when called upon to identify the evidence to be submitted at trial to prove his claim, plaintiff must adduce evidence of fact, not conclusions, which if believed prove the claim made and entitle him to judgment.

Further, in prolonging litigation of this claim, the decision entered today casts serious doubt on the efficacy of an employer's taking a release for settlement of an employee's work-related injury.

In opposing Conrail's motion, Cordiano submitted his affidavit which substantially mirrors his complaint by stating that he sustained a new and different injury to his ears on October 28, 1989. Other than his bare allegations, Cordiano does not submit anything else to support his claim that he suffered a new ear injury. A co-worker of Cordiano's who allegedly witnessed this new injury was not deposed. No diagnosis of an ear injury sustained on October 28, 1989, or any related damage, was submitted for the trial court's consideration.

Conversely, the record does disclose, and Cordiano admits, that he did not report the alleged new ear injury to his Conrail supervisors or any other Conrail official despite work rules requiring an employee to immediately report any work-related injuries. Cordiano also admits that he did not go to a hospital or a doctor immediately after the alleged October 28, 1989 injury. Additionally, the record discloses that on November 10, 1989, Cordiano went to a previously scheduled appointment with his ear doctor but did not report to him this alleged new ear injury.

Further, Cordiano admits that his hearing was gradually getting worse *prior* to the alleged October 28, 1989 incident and that the noise he heard on this day "wasn't an unusual loud noise." See Cordiano deposition.

While a court is prohibited from weighing the evidence and assessing the credibility of witnesses on a motion for summary judgment, Civ.R. 56(E) allows a court to move beyond the pleadings and analyze the permissible evidence to determine whether material fact issues exist to be resolved by trial. See *Harless, supra*. Here, Cordiano fails to show that a conflict exists concerning any material fact issue, only repeating in his affidavit the allegations contained in his complaint that he sustained a new ear injury on October 28, 1989. As this court

stated in *Tellez v. Bank One* (Jan. 21, 1993), Allen App. No. 1–92–63, unreported, 1993 WL 12282, "[i]t is not enough for a non-moving party to rest upon the allegations in his pleadings." Cordiano's affidavit in opposition of Conrail's motion is the equivalent of resting upon his pleading.

Here, the bare conclusions of the complaint merely repeated in Cordiano's affidavit are insufficient to defeat a motion for summary judgment. Once a movant submits evidentiary material pursuant to Civ.R. 56 showing that no genuine issue of material fact exists, a nonmovant must show a conflict concerning a genuine issue of material fact requiring a trial to resolve that issue.

Therefore, construing most strongly in Cordiano's favor evidence properly to be considered on motion for summary judgment, no evidence of the fact of a new and different ear injury appears. Thus no genuine issue of material fact exists for determination at trial.

Accordingly, I believe the trial court correctly granted Conrail's motion for summary judgment and I would affirm that judgment.